THE STATE, EX REL. WITTENBROCK, RELATOR v. WICKHAM.

1. **Mandamus**: RETURN. It is not required that the return to a writ of *mandamus* be sworn to; and where respondent is represented by respectable attorneys of the court, who have filed a return for him, the court cannot, on the mere suggestion of the relator, say that the return so filed is not the return of the respondent.

2. ———; REFUSAL TO SIGN BILL OF EXCEPTIONS. The judge of a trial court cannot be compelled by a writ of *mandamus* to sign a bill of exceptions which he alleges to be untrue, and the relator alleges to be true, when nothing appears to show which is in the right; the statute prescribes the remedy to be pursued by the relator in such a case.

Petition for mandamus to compel Hon. John Wickham, one of the judges of the St. Louis circuit court, to sign a bill of exceptions.

*Sam. C. Reid* for relator.

The writ of mandamus will lie to compel the performance of a judicial act. *State v. Wilson*, 49 Mo. 146 ; *Castello v. St. Louis Cir. Ct.*, 28 Mo. 259 ; and to compel a judge to sign a bill of exceptions. *State v. Hall*, 3 Cold. (Tenn.) 255.

*Lay & Belch* with *Chester H. Krum* for respondent.

The respondent is not required to appear in person, and the return is not required to be under oath. *State ex rel. Att'y Gen'l v. Seay*, 64 Mo. 89.

HENRY, J.—The petition states that on the trial of a cause in which the present relator was plaintiff, and Chester H. Krum, adm'r, was defendant, before Hon. John Wickham, one of the judges of the circuit court of St. Louis county, certain instructions were given by the court to which plaintiff then and there excepted, and a verdict was found by the jury for defendant; that on the 24th day of January, 1877, within four days after the verdict was rendered, plaintiff filed his motion for a new trial, which the court, on Monday, the 5th day of February following, overruled; that on the next day he filed his motion for a rehearing, which the court overruled on Monday, the 12th of February, having erroneously taken it as submitted without argument, but afterwards granted plaintiff leave to file a brief thereon, to wit, on Saturday, the 24th of February, which brief was accordingly submitted; that by the practice and habit of said judge, Monday in every week has been established by custom for rendering his decisions; that counsel for relator used due diligence by attendance on said court up to Monday, the 12th of March, at which time said court had still delayed its decision on said motion, and to which fact he then called the attention of the court; that on Monday following, to wit, the 19th of March, counsel for plaintiff again attended said court, and, on inquiry, was, to his surprise, informed that on Tuesday, the 13th of March, the court had overruled the motion; that from the custom of the court in delivering its decisions on Monday he was led into error, having cause to believe and believing that no decision would be rendered until Monday, the 19th of March, on which day, the time allowed under the rule for filing bills of exceptions had expired; that he immediately proceeded to prepare his bill of exceptions and tendered the same to Judge Wickham on the 30th of March,

and on the 31st he refused to sign the same, because not presented in time and because said bill contained " nothing but a garbled statement of the evidence," although defendant had a full report of said evidence in his possession and well knew that he could not sustain his assertion. This is all of the petition that it is deemed material to notice. In his return to the alternative writ, Judge Wickham denies the statements in the petition in relation to his habit in announcing decisions, and alleges that the bill of exceptions did not contain a fair statement of the evidence in the cause. " That it was nothing but a garbled statement of the evidence." The relator moves to strike out the return because he alleges that it is not the *bona fide* answer of Judge Wickham, but is a defense made and set up by Chester H. Krum, the defendant in the original suit ; that the return is not signed by John Wickham, or verified by affidavit ; that the allegation contained in said return, that the bill of exceptions contained " nothing but a garbled statement of the evidence," is false, and is the same language used by said Krum, and unwarrantably endorsed on said bill of exceptions, as a reason for refusing to sign the same.

The petition discloses the fact that when the bill of exceptions was presented to Judge Wickham he declined to sign it among other reasons, because it

1. MANDAMUS: return.     " contained nothing but a garbled statement of the evidence." If he chose to adopt the strong language used by Judge Krum, we are not aware of any law to forbid it. The law does not require the return to be sworn to and Judge Wickham is represented here by respectable attorneys of this court, who have filed his return, and we cannot on the mere suggestion of the relator, say that this is not Judge Wickham's return. We shall not examine the question of surprise presented by this petition, or determine whether Judge Wickham abused the discretion the law gave him as to signing bills of exceptions when presented out of time, because there is a point in the case fatal

to the petitioner's demand, appearing not only in the return, but upon the face of the petition.

The petition states that Judge Wickham refused to sign the bill of exceptions, because it did not fairly state the evi-

2. ———: refusal to sign bill of exceptions

dence in the cause, and in his return the judge assigns that as one of the reasons for refusing to sign the bill. If we had no statute regulating the practice in this matter, and providing a remedy for a party when the court refuses to sign his bill of exceptions on the ground that it is untrue, a court would scarcely by a mandamus, compel the judge of the court to sign a bill of exceptions, which he alleges to be untrue, and the party alleges to be true, and nothing else appeared to show which was right. But our statute, sec. 29, page 1044, Wag. Stat. provides that: "If the judge refuse to sign such bill, on the ground that it is untrue, he shall certify thereon, under his hand, the cause of such refusal." Sec. 30, "if the judge refuse to sign any bill of exceptions, such bill may be signed by three bystanders, who are respectable inhabitants of the State, and the court shall permit every such bill (if the same be true) to be filed in court." Sec. 32, "when the judge shall refuse to permit any bill of exceptions, signed by the bystanders, to be filed, and shall have certified that it is untrue, either party in the suit may take affidavits, not exceeding five in number, in relation to its truth." The relator's replication shows that the judge endorsed on the bill of exceptions his refusal to sign it, "because it was untrue." Relator had then but to resort to the remedy provided by the statute, and if the court still refused to permit it to be filed, he should have taken his affidavits, and then the appellate court could have passed upon the question of time, and, if it found from the affidavits that the bill of exceptions was true, and that there was an abuse of discretion in refusing permission to file the bill, the cause would be held to be properly in the appellate court. With the concurrence of all the judges, the peremptory writ of mandamus is refused. WRIT REFUSED.