THE STATE ex rel. THE NORTHWESTERN UNION RAILWAY COMPANY vs. SMALL, Circuit Judge, etc.

MANDAMUS.    *Return to alternative writ construed.*

A petition for a *mandamus* to compel a circuit judge to make a further return on appeal, alleged that the petitioner took oral exceptions, on the trial, to the failure of the court to give certain instructions prayed by him.    The judge's return to the alternative *mandamus* states that he rejected the instructions, substituting his own general charge, "to which action of the court no exception was taken," and further, that the bill of exceptions signed "fully and fairly states all the facts attending the trial, to the best of his knowledge, belief and remembrance."    *Held, not evasive*, but a satisfactory return, and conclusive upon this court.

The State ex rel. The N. W. U. R'y Co. vs. Small, Circuit Judge, etc.

PETITION for a Writ of *Mandamus*.

On the relator's petition, an alternative writ of *mandamus* issued from this court addressed to *David W. Small*, Judge of the Second Judicial Circuit, commanding him to resettle the bill of exceptions in the case of *Diedrich v. The North-western Union Railway Company* (in which an appeal had been taken by the defendant company), by inserting the defendant's exceptions to the refusals of said judge to give certain instructions requested by the defendant, etc.   The respondent having made return to the alternative writ, the relator moved that he be required to make a further return, upon grounds sufficiently stated in the opinion.

*L. S. Dixon*, for the motion.

*F. W. Cotzhausen*, contra.

RYAN, C. J.   Some criticism was made on the failure of the learned circuit judge's return to the alternative writ, to meet immaterial statements in the relator's petition.   Of these it is needless to take any notice.

The *gravamen* of the learned counsel's argument for a further return is, that the learned circuit judge does not explicitly deny a material averment of the petition, that the relator's counsel took oral exceptions to the failure of the circuit court to give certain instructions prayed for the relator. The argument appears to rest more upon verbal criticism of a particular passage in the return, than upon a fair construction of the whole.

The learned judge returns that he rejected the instructions, substituting his own general charge, " to which action of the court, no exception was taken."   It is said that this statement is evasive.   It is the action of the circuit court in giving or refusing an instruction, to which exception lies.   It appears that no exception was taken to the charge actually given to the jury.   If the learned circuit judge had returned that he rejected an instruction prayed by the relator, substituting his

own charge, to which action of the court the relator excepted, this court could have no difficulty in issuing a peremptory writ to sign the exception. . In either case this court owes too much respect to the circuit judges of the state to attribute to any of them evasion in the discharge of judicial duty upon a mere play upon words.

But whatever doubt acute verbal criticism could throw upon this passage in the return, is completely removed by the subsequent statement of the learned judge, that the bill of exceptions signed " fully and fairly states all the facts attending the trial, to the best of his knowledge, belief and remembrance."

Taken together, the two averments in the return are satisfactory to this court, and conclusive upon it.

*By the Court.* — Motion for further return denied.