STATE OF MISSOURI, EX REL. JASPER N. CASTLIO, Relator, *v.* W. W. EDWARDS, JUDGE, Respondent.

November 15, 1881.

ON DEMURRER TO RETURN. — 1. A peremptory writ of *mandamus* will not issue to compel a trial judge to enter judgment upon a verdict which he is satisfied, from affidavits, was obtained by the perjury of a party in interest, though there have been two trials upon the same issues, and findings for the relator.

2. A return to an alternative writ of *mandamus* need not be sworn to; and a return signed by a reputable attorney of the court, as counsel for the respondent, will be taken as the respondent's return.

ON TRAVERSE TO THE RETURN. — A return which shows that a second new trial was granted because the trial judge was satisfied that the verdict was obtained by the perjury of a party in interest, is not traversable.

APPLICATION for *mandamus*.

*Writ denied.*

NAT. C. DRYDEN and T. F. McDEARMON, for the relator.

H. C. LACKLAND, for the respondent.

BAKEWELL, J., delivered the opinion of the court upon demurrer to the return.

This is a petition for a *mandamus* directed to respondent, as judge of the nineteenth judical circuit, to command him to enter judgment upon a verdict rendered in favor of plaintiff's relator. The allegation is, that there have already been two trials on the same cause of action and upon the same issues, in both of which the finding was for the relator of plaintiff.

This is confessed in the return; but respondent sets up that the motion for a new trial filed by plaintiff in the cause in question, alleged, amongst other things, that one of the parties in interest swore falsely on the trial to a material point, and by his perjury misled the jury; that the testimony of this witness was a surprise to plaintiff. The respondent says that the perjury of this witness was fully established by the affidavits of nine credible witnesses, and

that no counter-affidavits were filed; that the false testimony of the perjured witness impeached the depositions introduced by defendant on the trial, and put her in the attitude before the jury of having manufactured testimony; that, it appearing to respondent, that it would be unjust and monstrous that a party in interest should obtain and keep an advantage by so great a wrong, respondent, in the exercise of a sound discretion, set aside the verdict and granted a new trial. The return is long. We have set out so much of it as we consider necessary for the purposes of this opinion.

Plaintiff's relator interposes a demurrer to this return. One ground of demurrer is that the return is not signed by respondent. There is nothing in this. The return need not be sworn to; and where, as in this case, respondent is represented by an attorney of this court in good standing, who files the return for him, this court will not, on the mere suggestion of relator, say that the return is not the return of respondent, but will take it to be his return. *The State ex rel.* v. *Wickham,* 65 Mo. 634.

The other ground of demurrer is that the facts set out in the petition for *mandamus* being substantially admitted, the writ must go. It is contended that, as it appears from the return that the jury have not misbehaved, and that the triers of fact have not erred in a matter of law, under the statute (Rev. Stats., sect. 3705), and the rulings of the supreme Court and of this court upon the statute, plaintiff's relator is entitled to the remedy asked, which is his only remedy.

It is contended by counsel for respondent, that the earlier decisions as to this matter are not in point; that section 3704 of the Revised Statutes was enacted in 1849, and must be regarded as modifying the provisions of section 3705. The decisions, however, have been uniform. It has been held in this State, both before and after the adoption of the section now numbered 3704 of the revision, that more

than one new trial cannot be granted by the trial court, except in the two cases provided for in section 3705. *Hill* v. *Wilkins*, 4 Mo. 86 ; *Hill* v. *Deaver*, 7 Mo. 57 ; *Boyce* v. *Smith*, 16 Mo. 321 ; *Harrison* v. *Cachelin*, 23 Mo. 117 ; *Burns* v. *Hayden*, 24 Mo. 215 ; *Leahey* v. *Dugdale*, 41 Mo. 517 ; *The State ex rel.* v. *Horner*, 10 Mo. App. 307.

Indeed, the interpretation which counsel for respondent would give to section 3704 would completely nullify section 3705. The trial court, for instance, cannot, as the supreme court holds, interpreting section 3705, grant a second new trial on the ground of its own misdirection to the jury ; the remedy for such error is appeal. Yet such misdirection is one of the grounds of new trial specified in section 3704.

Is there, then, no escape from the conclusion that, where gross perjury has been committed by a party to the action, or by a party in interest, which perjury has misled the jury, and this comes to the knowledge of the trial judge pending the motion for a new trial, he must shut his eyes to the fraud ? Must it be said that, in such a case, he cannot grant a new trial if one new trial has been already had ?

We do not so interpret the statute. The law, in our opinion, was not intended to apply to a case in which it appears to the trial judge that the verdict has been obtained by fraud. Suppose a case in which fraud has entered into the very concoction of the judgment. An officious, meddlesome, or dishonest attorney, having no authority to do so, enters an appearance, conducts a sham defence, and allows a judgment to go against a party who has had no notice. If this comes to the knowledge of the trial court, is it bound, under the statute, to refuse a new trial if one has already been had, and must defendant be put to his proceeding in the same court to attack this judgment for fraud ? This would be absurd. Yet there the injured party has his remedy against the attorney.

Fraud practised in the very act of obtaining the judgment

will warrant equity in interposing to destroy the effect of the judgment thus obtained. It has been held that where facts material to establish the defence have been concealed by fraud, and have been discovered since the trial, where defendant has not been wanting in diligence, a court of equity may enjoin the judgment. As, where defendant afterwards finds a receipt for the very money recovered. *Gainsborough* v. *Gifford*, 2 P. Wms. 424. The principle underlying this equitable jurisdiction is, that it is against conscience to execute the judgment sought to be enjoined. It would certainly be against conscience to execute a judgment obtained by perjury. Why should we, then, command a judge to enter a judgment which it would be against conscience to execute, and which he must, on proper application, enjoin? If it be held that a new trial cannot be granted in such a case, it will follow, as a matter of course, that the case was one for equitable relief.

We will not do so vain a thing, or so abuse the superintending power which we possess, as to direct a judge to enter a judgment which, from his return to the writ of *mandamus*, it appears that he must restrain, or set aside, on an application to him to exercise the chancery powers of his court.

We shall refuse to grant the writ in this case, and in all cases where it appears from the return that the verdict was obtained by fraud on the part of a party in interest; at least we shall do so in all cases where a sufficient ground appears for relief in equity against the operation of the judgment.

The demurrer is overruled, and the peremptory writ is denied. Judge THOMPSON concurs; Judge LEWIS is absent.

THOMPSON, J., delivered the opinion of the court upon demurrer to the traverse to the return.

After the rendition of our former opinion in this case,

sustaining the demurrer to the return and entering judgment for the respondent, the relator applied to have our judgment set aside, and for permission to traverse the return. After a good deal of hesitation we granted this motion. The relator then filed an answer to the return and the respondent has demurred thereto.

After argument and consideration, we are of opinion that the demurrer to the answer is well taken; that these subsequent pleadings have no other effect than to bring us back to the place where we stood when our former opinion was rendered. The answer is very long. Part of it is argumentative; part of it consists of statements of matters of law; part of it consists of denials of statements made in the return; and a part of it sets up new facts by way of avoidance of the facts stated in the return. We overruled the demurrer to the return on the ground that it would be an abuse of our superintending jurisdiction to compel a judge of the circuit court to proceed to judgment upon a verdict *which he is satisfied* was obtained by the fraud of the party in interest, and where the circumstances are such that he would, on a proper application, be obliged to exercise his power as a chancellor to enjoin the enforcement of the judgment on the ground of fraud in its concoction. We are now asked to say that, although the trial judge may be of opinion, from affidavits presented to him, or upon other grounds satisfactory to him, that the verdict was obtained by fraud or false swearing, yet it was not so in point of fact; and this answer simply asks and expects of us to try the fact whether the judge was right or wrong in this opinion.

In other words, the circuit judge in effect says, in his return to the alternative writ: " I granted a new trial because it was made to appear to my satisfaction, by the affidavits of a large number of credible deponents, that a party in interest had, at the trial, either wilfully sworn falsely as to a material fact, or made such a gross mistake in his tes-

timony as misled the jury into an erroneous and unjust
verdict." This answer says to the judge: "Although
that may have appeared to your satisfaction, yet it was not,
in point of fact, so; and we will have the fact tried in
an appellate court, whether it was so or not, and if the
appellate court shall be of opinion that it was not so, it
must, by its writ of *mandamus*, compel you to proceed
to judgment upon the verdict."

This, in our judgment, is all there is in the traverse to
the return; and it involves the relator in a position which
is contrary to elementary principles and wholly untenable.
A writ of *mandamus* never issues by a court of supervisory
jurisdiction to control the discretion of a judge of an in-
ferior court. At most, the writ is used to command the
judge of the inferior tribunal to act; but it can never be
resorted to to instruct him *how* to act, or to compel him to
act in a particular way, unless there is an inflexible statu-
tory mandate which obliges him to act in that way. Thus,
if the circuit court attempts to grant a new trial under
circumstances where the statute plainly prohibits him from
doing it, we can compel him, by *mandamus*, to proceed to
judgment upon the verdict, although we cannot specifically
direct him what judgment to render. So, if he certifies
that he is satisfied, in his judgment and conscience, upon
evidence, that a certain fact existed, which fact entitles him
to grant the new trial, notwithstanding the statute, we can-
not say that he must, nevertheless, not grant the new trial;
for this would be to substitute our judgment and our con-
science for his, when his knowledge of all the circumstances
is, from the nature of the case, much better than ours, and
his situation enables him to judge of the fact much better
than we can. He has presided at the trial; he has seen and
heard the witnesses; he is conversant with the case in all
its details; he possesses a knowledge of it which we, with
our means of knowledge and methods of procedure, can
never acquire. To overrule his judgment upon such a

question of fact, would be to convert the writ of *manda-mus* into a writ of error for the purpose of superintending the judgment and revising the discretion of the circuit court; and this, without even having the advantage of having the record in the case before us. This would introduce a degree of confusion into legal proceedings, the result of which could not be foreseen.

The judgment of the court is that the peremptory writ of *mandamus* be denied; that the petition be dismissed, and that the relator pay the costs of this proceeding. Judge BAKEWELL concurs; Judge LEWIS did not sit.