THE STATE OF MISSOURI EX REL. KINEALY *v.* AMOS M. THAYER, JUDGE, Respondent.

April 15, 1884.

1. PRACTICE — BILL OF EXCEPTIONS — MANDAMUS. — The judge of a trial court can not be compelled, by *mandamus*, to sign a bill of exceptions which he alleges to be untrue.
2. —— If the judge refuse to sign a bill of exceptions, the same may be signed by three bystanders.

APPLICATION for *mandamus.*
*Writ denied.*
M. KINEALY, for the relator.
OVERALL & JUDSON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an original petition for *mandamus* to compel a judge of the circuit court to sign a bill of exceptions. The case is submitted on a demurrer to the return. The return admits some of the facts stated in the petition, denies

others, and then sets up with fullness of detail the respondent's version of the facts, and concludes by stating that the respondent declined to sign the bill of exceptions tendered to him by the relator (but not submitted to or agreed upon by the opposite counsel), because the respondent deemed the same to be incorrect and incomplete; but that the respondent, according to his practice in such cases, proceeded to correct and complete said bill as presented by the relator, so as to make the same a correct and complete bill of exceptions, and caused the same to be filed, etc. The bill of exceptions as thus completed, signed, and sealed by the judge, and filed with the papers of the case, is exhibited as a part of the return. The demurrer admits the facts stated in the return to be true; and the facts, then, are simply these: that the relator, without exhibiting it to the opposite counsel, tendered to the respondent, as judge of the circuit court, an incomplete and incorrect bill of exceptions, which the judge refused to sign, because it was incorrect and incomplete; but that the judge thereupon corrected and completed the same, signed and sealed it, and caused it to be filed with the papers in the case. No ground is thus presented upon which a *mandamus* can be awarded to compel the respondent to sign the bill of exceptions as originally presented to him by the relator. The rule under this head is that the judge of a trial court can not be compelled by *mandamus* to sign a bill of exceptions which he alleges to be untrue, and which the relator alleges to be true, when nothing appears to show which bill is true. The statute prescribes the remedy to be pursued in such cases. *State ex rel.* v. *Wickham*, 65 Mo. 634.

The demurrer to the return is overruled. We understand the decision of the supreme court to be that the remedy by *mandamus* is not admissible at all in such cases, but that the statutory remedy is exclusive, at least, unless it be made to appear that the remedy given by the statute is not available.

This is not even alleged in the petition, and it therefore states no cause of action. This being so, we shall not permit a traverse of the return, and shall not try the question of fact, whether the bill of exceptions tendered by the relator, or that which was finally signed by the judge, correctly stated the facts which took place; but we shall enter final judgment denying the writ. It is so ordered. All the judges concur.