In re HAIGHT & FREESE CO.

(Circuit Court of Appeals, First Circuit. March 18, 1908.)

No. 673 (Original).

1. MANDAMUS (§ 190*)—PROCEEDINGS IN FEDERAL COURT—COSTS.
     There is no federal statute nor rule of the Supreme Court giving costs to the prevailing party on a mere order to show cause issued on a petition for a writ of mandamus; and the question of costs in such case is therefore governed by the principles which apply to a bill in equity.
     [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 438; Dec. Dig. § 190.*]

2. MANDAMUS (§ 190*)—PROCEEDINGS AGAINST JUDGE.
     On a petition for a writ of mandamus against a judge, even where the writ is granted, costs will not be taxed against the judge, although they may be against the adverse parties if they appear on summons or notice and resist the application on the merits; but, where they merely appear and move to dismiss on the ground that the order complained of has been vacated and the writ has become unnecessary, which motion is granted, costs will not be allowed to either party.
     [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 438; Dec. Dig. § 190.*]

Petition for Writ of Mandamus to the Circuit Court of the United States for the District of Massachusetts.

On appeal from the ruling of the clerk denying costs.

Franklin Bien, I. R. Clark, and G. F. Ordway, for petitioner.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. These proceedings were commenced on September 9, 1906, on a petition filed by the Haight & Freese Company for a writ of mandamus to go to the Circuit Court of the United States, and to a judge thereof, directing the judge to allow an appeal which he had refused to allow. His refusal is known to have been based on the theory that there was no final decree; and this was not free from doubt. It is apparent, therefore, that the learned judge in declining to allow the appeal acted judicially in the exercise of judicial discretion.

On filing the petition for the writ of mandamus, a summons to show cause why the petition should not be granted was issued to the adverse parties in the Circuit Court, but none at the outset to the judge thereof. Subsequently, on October 9, 1906, the adverse parties came into this court, and filed a motion to dismiss the petition for mandamus, alleging that the learned judge of the Circuit Court had reconsidered the question of allowing the appeal, and was then willing to allow it; that the Haight & Freese Company declined to accept such allowance, and insisted on pressing its petition; that the Haight & Freese Company might at any time, without the order of this court, obtain all the relief sought by the petition; and that the further maintenance of the petition would be merely a source of vexation and delay. It will be perceived that the adverse parties who thus appeared did not resist the relief asked for by the petition for mandamus, but put their motion to dismiss merely on the ground that mandamus was unnecessary, because the proceeding had become in effect a moot case. Subsequently, on October 30, 1906, this court of its own motion ordered a summons to show cause to issue to the learned judge of the Circuit Court. On November 9th the answer of the learned judge was filed, in which he returned that he had vacated the order disallowing the appeal, and had allowed it. Thereupon the petition for mandamus was dismissed by this court, and all questions of costs were reserved.

On the subsequent application of the Haight & Freese Company, the question of costs was referred to the clerk of this court, who reported adversely thereto, whereupon this application to us to review his report was presented.

If an alternative writ of mandamus had issued, there would have been pending a suit at common law, and one party or the other might have appeared as a prevailing party entitled to costs as contemplated by section 983 of the Revised Statutes (U. S. Comp. St. 1901, p. 706). Phillips' Practice (5th Ed. 1887) 418. There is, however, no statute nor any rule of the Supreme Court which, by its terms, gives costs to a prevailing party on a mere order to show cause issued on a petition for a writ of mandamus, or on any other petition. Therefore the

164 F.—44

question of costs on such a petition is governed by the same principles which apply to bills in equity, and to various applications laying the foundation of formal proceedings. High's Extraordinary Remedies (2d Ed. 1884) 403; 2 Spelling's Extraordinary Remedies (2d Ed. 1901) 1466. Consequently in a case like that before us costs were allowed and directions given for taxing the same in Ex parte Hughes, 114 U. S. 147, 148, 5 Sup. Ct. 823, 29 L. Ed. 134. There the order to show cause was issued to the judge who was impleaded in the petition, and the application was finally refused. Therefore the costs were taxed against the petitioner, but whether in favor of the judge impleaded or of the party in interest, who undoubtedly had been notified of the proceedings and came in and resisted, the report does not show. At any rate, no judgment for costs went against the judge impleaded because the judgment was the other way.

So far, at least, the practice may be regarded as settled; but the petitioner herein has failed to explain the specific principles on which it claims costs, or to cite text-writers, or any decisions of any court, supporting its position. Certain it is that, even if the case had come properly to an issue, and a judgment directing a writ of mandamus had been entered, costs would not have been taxed under the circumstances against the learned judge of the Circuit Court. It would be contrary to the fundamental rules protecting the freedom of judicial action to tax costs against a judge of any one of the constitutional courts of the United States by reason of any failure to apprehend the law correctly. A formal judgment under such circumstances will be found in Insurance Company v. Wilson, 8 Pet. 291, 304, 305, 8 L. Ed. 949, where a peremptory mandamus was awarded against a district judge without any allowance of costs. We hardly need any authorities on such a proposition; but for convenience we refer again to Spelling's Extraordinary Remedies (2d Ed.) 1466.

Against whom then can costs be taxed? Undoubtedly, if, on the summons to show cause, or on any notice that they might appear, the adverse parties had come in and resisted the petition for mandamus on the merits, costs could have gone against them; but their position in this court was not of that character. It took the form of a motion to dismiss because the proceedings had become unnecessary. On being formally advised of the facts, this court acceded to the motion to dismiss made by them. They would, therefore, appear to be the prevailing parties, if there were any such; but there seems to be no substantial right to costs either way.

The petition of the Haight & Freese Company to revise the ruling of the clerk on its petition asking an allowance of costs is denied, and the ruling of the clerk denying costs is affirmed.