THATCHER v. KILLITS, District Judge.

(Circuit Court of Appeals, Sixth Circuit.     April 12, 1912.)

No. 2,290.

MANDAMUS (§ 164*)—PROCEEDING AGAINST JUDICIAL OFFICER—WARRANT—CONCLUSIVENESS.

Where a judicial officer is engaged in settling a bill of exceptions or in analogous duties, and mandamus is sought against him in connection therewith, his return as to a fact occurring before him and within his personal knowledge is conclusive.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 344–360; Dec. Dig. § 164.*

Mandamus in aid of appeals, see note to Lewis v. Baltimore & L. R. Co., 10 C. C. A. 450.]

Mandamus proceeding on relation of Charles A. Thatcher against the Honorable John M. Killits, District Judge. Writ denied.

Charles A. Thatcher, for relator.
C. A. Seiders, for the District Judge.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Relator, an attorney at law in Toledo, was in June, 1909, disbarred by the Supreme Court of Ohio. One of the charges upon which this action was taken was based upon the publication by relator of a circular which was said to be a libel regarding Common Pleas Judge Morris of Toledo. Judge Morris, with other witnesses, gave testimony in these Supreme Court proceedings. Thereafter, the committee filed charges against relator in, and asked his disbarment by, the United States Circuit and District Courts for the Northern District of Ohio, presided over by Judge Killits. One of the charges filed by the committee was based upon the same cir-

cular regarding Judge Morris, and the committee also relied upon the Supreme Court proceedings and judgment. The matter was heard before Judge Killits, and a transcript of the Ohio Supreme Court proceedings, including a transcript of Judge Morris' testimony therein, was offered and received in evidence on such hearing. The District Judge found that the charges against relator were true, and entered an order striking relator's name from the roll of attorneys in the United States Circuit and District Courts for the Northern District of Ohio.

Relator announced a desire to have that judgment reviewed by this court, and inasmuch as the proceedings had been in part by testimony in open court, and to the end that there might be a fixed record of such proceedings to serve as basis of the proposed review, relator tendered to the presiding judge what purported to be a transcript of such proceedings, and asked that it be certified by him and filed as such transcript. This proposed transcript contained, in connection with various recitals, the following clause:

"That the said trial judge had stated that he at no time had read the evidence of the said [Judge] Morris, given by the said Morris in the said proceedings in the Supreme Court of Ohio."

Judge Killits before certifying to and filing the transcript erased this clause. Thereupon relator filed in this court this petition for mandamus, asking that the trial judge be directed to amend and correct such transcript so that the same "will contain a statement of the fact that the contents of the evidence of Judge Morris had not become known to the trial judge" prior to the entry of the order of disbarment.

Waiving an alternative writ, the District Judge has filed his return. This return recites the occurrences in detail, but in substance it amounts to a statement that he did read and consider Morris' evidence, and to a denial of the allegation that he had during the proceedings made the statement alleged against him in the petition (viz., that he had not read the Morris evidence), in the sense and with the meaning attributed to it in the mandamus proceeding. By way of explanation, he attached to his return, as "Exhibit B," a stenographer's transcript of the proceedings upon which the judge thought relator's claim that such statement was made must be based, and recited circumstances which, the judge states, show that the words used, interpreted properly and with relation to their context, did not have the meaning attributed to them by relator.

Relator seeks to traverse this return of the District Judge, and to have a trial of the issue whether the judge did or did not read this testimony, and perhaps of the issue whether the judge made the statement in question. We regard it as the clearly settled rule that where a judicial officer is engaged in settling a bill of exceptions, or in analogous duties, and where a mandamus is sought against him in connection therewith, his return, as to a fact occurring before him, and within his personal knowledge, is, for the purposes of the mandamus proceeding, conclusive. This is the settled rule of the Supreme Court of the United States and of all the states in this circuit, except so far

as modified in Kentucky by statute. In re Streep, Petitioner, 156 U. S. 207, 15 Sup. Ct. 358, 39 L. Ed. 399; Creager v. Meeker, 22 Ohio St. 207; State ex rel. Otenberger v. Hawes, 43 Ohio St. 16, 25, 1 N. E. 1; Orr v. Judge, 23 Mich. 536; State ex rel. v. Cooper, Judge, 107 Tenn. 202, 211, 64 S. W. 50.

Indeed, the relator makes no question that this has been the rule, but urges that it should no longer be followed, because of the present general practice of employing shorthand reporters, and in effect urges that the shorthand characters should prevail over the statement of the judge of the court, if it happens that the two do not agree.

We cannot accept this contention. The same contention was denied by the Supreme Court in Streep's Case, supra. Shorthand reports have no such sanctity nor accuracy; in fact, they are rather, as matter of common knowledge, far from infallible. Further, whatever change there has been in the general practice, by way of substituting stenographer's notes for the judge's memoranda, does not affect the reason of the rule. The power of final decision as to what occurred on the trial must be somewhere, and the policy of the law has placed this power in the trial judge. It is not to be tolerated that a party may raise and try out separate issues upon a variety of incidents occurring during a previous trial. This would make litigation never-ending. We think the established rule must stand, and must be applied in this case, and that the return of the trial judge must be taken as true. There is in this case no controversy over the accuracy of the stenographer's notes of the words spoken; the difference is as to the meaning of these words. Whether the judge did or did not say that he had not read this testimony is not, of itself, controlling; the ultimate fact, if of importance, is whether he did read and consider it, and accepting as we do the return that it was so read and considered, the accompanying explanation of the meaning of the judge's statement on that subject should also be accepted.

It follows that the mandamus must be denied and it will be so ordered.

Inasmuch as the record discloses no controversy over what was actually said by the trial judge, and inasmuch as it is unwise to say in advance that any particular matter desired in the record for review can have no possible bearing, we think it would be appropriate, if relator so requests, when the present transcript is used as the basis of a return to whatever proceeding for review relator may adopt, for the District Judge to attach thereto his present return, together with Exhibits A and B, and copies of the letters of February 28, 1912, March 1, 1912, and March 5, 1912, which letters passed between him and the relator. This would put the court in position to decide whether there was any merit in relator's claims; and in denying the mandamus as now prayed, we have assumed that, if relator should ask such inclusion, the judge will accede to the request.