## BLACK v. YOUMANS, District Judge.*

(Circuit Court of Appeals, Eighth Circuit. August 2, 1917.)

No. 179.

EXCEPTIONS, BILL OF ⚌53(3)—MANDAMUS TO COMPEL SETTLEMENT.

A trial judge cannot be compelled by mandamus to sign a bill of exceptions, purporting to contain a summary of the testimony of the witnesses in narrative form, unless it contains the substance of all the material testimony given on the trial, and his return that it does not do so is conclusive; but he may be required to settle such portion of the proposed bill, aside from the testimony, as correctly sets forth the proceedings.

Petition by Lon W. Black for a writ of mandamus to F. A. Youmans, United States District Judge. Writ denied.

Ira D. Oglesby, of Ft. Smith, Ark., for relator.

J. H. Evans, of Booneville, Ark., for respondent.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

MUNGER, District Judge. Petition for writ of mandamus to compel respondent to settle and sign a bill of exceptions. The relator instituted an action for slander, claiming recovery on 11 causes of action. The defendant had verdict and judgment in his favor. The plaintiff requested and was allowed 100 days in which to prepare and file a bill of exceptions. This period extended 37 days after the expiration of the term. The defendant employed a stenographer, who made full notes of the testimony and proceedings at the trial. The trial consumed 6 days, and the testimony, if it had been extended into typewritten form, would have embraced 700 to 800 pages. The plaintiff prepared a draft of a proposed bill of exceptions, consisting of 46 pages of testimony in narrative form, of 7 pages of exhibits, and of 12 pages relating to the giving and refusal of instructions and proceedings at the trial. This draft was prepared from recollection of the evidence and from notes of the testimony made by relator's counsel. The stenographer was ready to prepare a transcript of his notes for the use of the plaintiff; but plaintiff was unable to avail himself of this assistance, because of lack of means.

The proposed bill of exceptions was presented to the trial judge for allowance, but he refused to sign it. The relator alleges in his petition that this bill "contained the substance of all the material testimony given in the trial." The respondent gave as a reason for his refusal to sign the bill, and avers in his return, that the bill did not present the testimony of any witness as it was given at the trial, either in substance or form.

At the hearing of the application to settle the bill of exceptions, the trial judge called in the stenographer and had him estimate the number of pages that the testimony of each witness would embrace, if the notes were extended, as compared with the proposed narrative statements of the witnesses' testimony. The relator contended that it was the duty

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied January 7, 1918.

of the defendant to suggest any amendments or corrections necessary to make the bill a complete record of the testimony; but the court found that the bill was so abbreviated, disconnected, and incomplete that amendment was impracticable and it would have to be entirely rewritten.

As the case is presented, no question is made of the correctness of that portion of the proposed bill which relates to the proceedings on the trial, other than the record of the testimony. The plaintiff requested some instructions that were refused, and excepted to portions of the court's charge to the jury. That portion of the proposed bill which does not involve the testimony, or as to which the testimony stated is correct, should have been settled by the court, as a review may be asked of rulings which do not involve the sufficiency of the evidence.

The arguments in the briefs center about the allowance of the bill as a record of all the testimony on the trial; but this contention is not open, as the petition alleges no more than that it contains the substance of the material testimony. This allegation is denied in the return made by the trial judge. He was in a position to know what testimony was given, and he refreshed his recollection by the aid of the stenographer's notes. This court cannot say that the proposed condensation of the testimony states the substance of the testimony given on the trial, because we are not advised as to the testimony that was received, and opinions may differ widely as to what constitutes the substance of witnesses' testimony. Gulf, C. & S. F. R. Co. v. Washington, 49 Fed. 347, 1 C. C. A. 286. Moreover, the return of the judge that the proposed bill is not the substance of the testimony is a statement with reference to facts occurring before him, and within his personal knowledge, and his return is conclusive. In re Streep, 156 U. S. 207, 15 Sup. Ct. 358, 39 L. Ed. 399; Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544; 9 Sup. Ct. 150, 32 L. Ed. 508; Ex parte Bradstreet, 4 Pet. (29 U. S.) 101, 7 L. Ed. 796; Thatcher v. Killits, 195 Fed. 471, 115 C. C. A. 373; Shepard v. Peyton, 12 Kan. 616; Orr v. Judge, 23 Mich. 536; Sansome v. Myres, 77 Cal. 353, 19 Pac. 577; State v. Small, 47 Wis. 436, 2 N. W. 544; State v. Hawes, 43 Ohio St. 16, 1 N. E. 1; Benedict v. Howell, 39 N. J. Law, 221; Sikes v. Ransom, 6 Johns. (N. Y.) 279.

The tender of a bill of exceptions which is proposed in good faith as a summary of the material testimony ordinarily requires that the opposite party be called upon to make any objections he may have to its insufficiency, and the court may require amendments to make the bill complete; but, while mistakes can be corrected and omissions supplied, the party proposing the bill must use good faith to make it full and fair, so that the burden is not cast upon the court or opposite counsel of preparing a new bill. The trial judge found that this bill was so seriously defective that it did not present the testimony of any of the 40 witnesses as it was given, either in substance or in form. The very brief narratives exhibited in the proposed bill as the testimony of the several witnesses, without any designation of direct or cross examination, tend to substantiate the view of the trial judge. He found that it would be necessary to have the testimony entirely rewritten; but this suggestion met no favorable response, as the relator stood upon his insistence of the bill as then proposed. Under these circumstances a writ should not

be awarded to require the judge to certify to the testimony as the substance of all the evidence introduced.

The judge should settle such portion of the proposed bill of exceptions as conforms to the facts as heretofore stated, and it is presumed that the judge will proceed in accordance with the views here announced. The issuance of the writ, therefore, will be withheld. No costs will be allowed against the respondent. In re Haight & Freese Co., 164 Fed. 688, 90 C. C. A. 285.