PATRONS' MUTUAL FIRE INSURANCE CO. *v.* WEXFORD CIRCUIT JUDGE.

MANDAMUS—RETURN OF CIRCUIT JUDGE CONCLUSIVE AS TO FACTS WITHIN HIS OWN KNOWLEDGE.

> The return of a circuit judge to an order to show cause in mandamus proceedings, stating his own action and what occurred in connection therewith within his own knowledge, must be conclusively taken as true, and may not be traversed by plea (3 Comp. Laws 1915, § 13437).

Motion by the Patrons' Mutual Fire Insurance Company against Fred S. Lamb, circuit judge of Wexford county, to take testimony on issues framed in mandamus proceedings. Submitted March 5, 1924. (Calendar No. 31,277.) Motion denied May 8, 1924.

*Kinnane & Leibrand,* for plaintiff.

*A. W. Penny,* for defendant.

FELLOWS, J. January 15, 1924, an order to show cause was issued by this court in this case. January 26th, the return of the circuit judge was settled and signed pursuant to the provisions of section 13437, 3 Comp. Laws 1915, after notice and upon a hearing at which numerous amendments were proposed. On February 14th, plaintiff herein filed what is termed "plaintiff's plea to the return of the defendant." It is in form of the general issue with notice setting up the proceedings had before the circuit judge at the time of the settlement of the return including the amendments proposed and a transcript of the stenographer's notes of a portion of what took place at that time, and purports to traverse the return in practically every detail. On February 26th, plaintiff filed a

"motion to take testimony on issues framed," and specifically enumerates and sets forth several proposed issues. Before disposing of this motion we requested briefs upon the question of whether the return of the circuit judge, settled after notice and upon hearing pursuant to the provisions of the statute above cited, might be put in issue. These briefs are now before us. In *Detroit Lumber Co.* v. *Oakland Circuit Judge,* 207 Mich. 62, we sent such an issue to the Lapeer circuit for trial, but in the opinion the question of the propriety of such action was not raised or considered by this court. Under these circumstances that case should not be regarded as a precedent and it is not here claimed that it is.

Statutory provisions regulating the practice on mandamus in this court will be found in chapter 137 of the Revised Statutes of 1846. By sections 2 and 3 of this chapter demurrers and pleas to the return were permitted and provisions were made for the trial of issues of fact. By Act No. 159 of the Laws of 1871, section 1 of this chapter was amended to include the circuit courts of the State. By Act No. 236, Pub. Acts 1897, section 1 was again amended and a radical change of the statute law was made with reference to returns of circuit judges to orders to show cause issued by this court, and a practice was prescribed for settling the return analogous to the settlement of bills of exceptions and cases settled. Provisions for notice and hearing were made; the concluding sentence of the amendment reads as follows:

"Amendments to such showing, or return, may be proposed by the applicant or his attorney and all disputes respecting the same shall be determined by such judge according to the facts on such settlement."

The substance of the provision was carried into the judicature act (3 Comp. Laws 1915, § 13437) and the language just quoted was retained.

If before the enactment of the act of 1897 the verity of the return of the circuit judge as to facts occurring before him and within his personal knowledge was in the same category as the verity of returns of non-judicial officers in mandamus proceedings and his return was then traversable, a different rule was established by that act.   Both parties were given an opportunity to be heard on the settlement of the return; each had an opportunity to propose its contents; each had his day in court.   The trial judge had before him the records and files of his court, his personal recollection was aided by the notes of the stenographer, and "all disputes    *    *    *    shall be determined" by him "according to the facts."   Manifestly the legislature intended to make a finality of his return instead of leaving to some other circuit judge, to whom issue might be sent, the determination of whether the return was "according to facts."

We have thus far considered only the statutory provisions.   We should not, however, overlook the early case of *Orr* v. *Wayne Circuit Judge,* 23 Mich. 536. This case was decided after the adoption of chapter 137 of the Revised Statutes of 1846, and before the enactment of the act of 1897.   The pleadings presented issues of fact and relator moved that an issue of facts be framed.   This the court declined to do and issued the writ, holding (we quote the syllabus) :

"Where a circuit judge is called upon to show cause against a mandamus, his return stating the facts as to his own action and what occurred in connection therewith within his own knowledge, must be conclusively taken to be true, and an issue of fact will not be allowed to be made upon it."

So far as we have been able to ascertain this case has not been cited by this court, but it has frequently been cited by textwriters and other courts.   Based upon it Mr. Abbott in his recent work (2 Abbott

Cyclopedia Michigan Practice, p. 1222) thus states the rule:

"The answer of a circuit judge which states facts as to his own action and what occurred in connection therewith within his own knowledge must be taken as conclusive."

Likewise in 2 Green's Michigan Practice (3d Ed.), p. 1527, relying on this case the rule is thus stated:

"And it has been held that the answer of a circuit judge, so far as it states facts as to his own action and what occurred in connection therewith within his own knowledge, must be conclusively taken to be true and an issue of fact will not be allowed to be made upon it."

In 13 Enc. Pl. and Pr. p. 747, it is said:

"In some States it is held that in mandamus proceedings against judicial officers a return made by them is conclusive, and cannot be traversed by the relator."

And among others the *Orr Case* is cited.

In *Thatcher* v. *Killits,* 115 C. C. A. 373, 195 Fed. 471, the circuit court of appeals of this circuit said:

"Relator seeks to traverse this return of the district judge, and to have a trial of the issue whether the judge did or did not read this testimony, and perhaps of the issue whether the judge made the statement in question.   We regard it as the clearly settled rule that where a judicial officer is engaged in settling a bill of exceptions, or in analogous duties, and where a mandamus is sought against him in connection therewith, his return, as to a fact occurring before him, and within his personal knowledge, is, for the purposes of the mandamus proceeding, conclusive.   This is the settled rule of the Supreme Court of the United States and of all the States in this circuit, except so far as modified in Kentucky by statute."

And the *Orr Case* is cited as settling the question in this State.

In *Black* v. *Youmans,* 157 C. C. A. 622, 245 Fed. 460, the court had before it an application for mandamus against a district judge and it was said:

"Moreover, the return of the judge that the proposed bill is not the substance of the testimony is a statement with reference to facts occurring before him, and within his personal knowledge, and his return is conclusive."

And the *Orr Case* was again cited.

See, also *State, ex rel. Railway Co.,* v. *Circuit Judge,* 47 Wis. 436 (2 N. W. 544) ; *Poteet* v. *County Commissioners,* 30 W. Va. 58, 89 (3 S. E. 97) ; *State, ex rel. Castlio,* v. *Edwards,* 11 Mo. App. 152; *Shepard* v. *Peyton,* 12 Kan. 616.

We are persuaded that *Orr* v. *Wayne Circuit Judge, supra,* not having been questioned by this court, must be taken as settling the rule there announced and the statutory provisions to be confirmatory thereof. Obviously the return of the circuit judge should, as a general rule, be confined to those facts established by the record and files of the court or within his personal knowledge occurring during the proceedings, and this court might be inclined to disregard or strike out such portions of a return as were not pertinent or proper to be made should such an occasion arise in the future. That question, however, is not before the court at this time. The question now decided, and the only question now decided, is that the return of defendant as to his own action and what occurred in connection therewith within his own knowledge must be conclusively taken as true, and can not be traversed by plea.

The motion will be denied with the usual motion fee and cost of printing brief.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.