## PEOPLE *v.* RICHARDSON.

**1. CRIMINAL LAW—ROBBERY—JOINT DEFENDANTS—ORDERING SEPARATE TRIAL.**

Where defendant and two others were implicated in a robbery, and defendant was jointly informed against with one of the others, who demanded a separate trial, there was no error in directing that defendant be tried alone.

**2. SAME — INDORSING WITNESS — RECORD—SUPREME COURT MUST ACCEPT STATEMENT OF JUDGE.**

On the disputed question as to whether defendant's counsel consented to an order permitting the prosecuting attorney to indorse the name of a *res gestæ* witness on the information, the Supreme Court must accept the statement of the presiding judge as appears in the bill of exceptions as to what took place in his court in his presence.

**3. SAME—FILING TRANSCRIPT OF TESTIMONY IMPOSSIBLE WHERE EXAMINATION WAIVED.**

An objection that there was no transcript of the testimony taken on examination filed in the recorder's court before the information was filed or the trial begun is without merit, where the calendar entries show that defendant waived examination and was bound over for trial.

**4. SAME—EVIDENCE—ADMISSIONS.**

It was not error to admit testimony showing that an alleged accomplice charged defendant, in his presence, with participating in the holdup, and that defendant admitted being there, but said he was pretty drunk, and further said that he would make a clean breast of this thing.

**5. SAME—APPEAL AND ERROR—CURING ERROR.**

If there was any error in admitting testimony that defendant was accused by an alleged accomplice with participating in the holdup, and that defendant denied any connection with the affair, it was cured by the action of the court in striking it out and instructing the jury to strike it from their minds.

[1]Criminal Law, 16 C. J. § 2007; [2]Id., 17 C. J. § 3444; [3]Id., 16 C. J. § 566; Indictments and Informations, 31 C. J. § 139; [4]Criminal Law, 16 C. J. §§ 1262, 1312; [5]Id., 17 C. J. § 3667.

6. SAME—ROBBERY—GREAT WEIGHT OF EVIDENCE.
    In a prosecution for robbery while armed, a verdict of
    conviction, *held*, not against the clear weight of the evidence.

Error to recorder's court of Detroit; Brennan (John V.), J.    Submitted June 16, 1927.    (Docket No. 98.) Decided July 29, 1927.

Ray D. Richardson was convicted of robbery while armed, and sentenced to imprisonment for not less than 15 nor more than 30 years in the State prison at Jackson.    Affirmed.

*Walter M. Nelson,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J.    Defendant on this writ of error reviews his conviction of robbery while armed, and the sentence imposed thereon.    One Cummings and one Harmon were likewise implicated in the transaction although the information in the record only joins defendant and Cummings.    By order of the court defendant was tried separately.    The assignment of error first discussed grows out of this order, defendant insisting that he was entitled to a joint trial with Harmon.    He did not ask to be tried jointly with Cummings.    The record is not very satisfactory as to what was done as to Cummings and Harmon, but counsel for defendant states:

"It is fairly deducible from the record that Harmon first applied for severance, which was granted.    It also appears from the record that Collins Cummings applied for a severance, which was granted."

If Cummings demanded a separate trial, and Har-

---
[6]Robbery, 34 Cyc. p. 1808.

mon was not jointly informed against with defendant, it is somewhat difficult to perceive how defendant could have been tried at all unless he was tried alone. We perceive no error in directing that he be tried alone.

Before the case was assigned by the presiding judge, the prosecuting attorney was permitted to indorse the name of a witness on the information. The presiding judge states that this was consented to by defendant's counsel; the case was continued for a day and then for another day. It would appear from the statement of defendant's counsel, although the order is not before us in full, that it shows that it was made by consent. Defendant's counsel insists that the order does not speak the truth, and he insisted both before the presiding judge and the judge to whom the case was assigned that the order should be set aside and the witness, who was a *res gestæ* witness, should not be permitted to testify. We must accept the statement of the presiding judge as appears in the bill of exceptions as to what took place in his court and in his presence. *Patrons' Mut. Fire Ins. Co.* v. *Wexford Circuit Judge,* 227 Mich. 154.

It is insisted that there was no transcript of the testimony taken on the examination filed in the recorder's court before the information was filed or the trial begun. But the calendar entries show that defendant waived examination and was bound over for trial at the present term of court. It is also to be inferred from what appears in the record that Harmon had had an examination and that upon the cross-examination of the first witness on the trial of the instant case defendant's counsel was furnished with the transcript of the testimony given on his examination. Obviously the prosecution could not be required to file a transcript of testimony which was not taken upon an examination which had been waived and was not held. Quite as a matter of courtesy defendant's

counsel was furnished with a transcript of the testimony of the witnesses given on the examination of Harmon, being the same witnesses who were called in the trial of defendant, and made use of such transcript.    This assignment of error is without merit.

The assignment of error most strenuously urged grows out of the admission of testimony.    The *res gestæ* witnesses were called to headquarters for the purpose of identifying the parties.    They picked out Cummings and defendant from some eight or ten. Over objection, testimony was permitted tending to show that Cummings there charged defendant with participating in the holdup, and that defendant said: "I was there all right but I was pretty drunk."    This took place about 10 o'clock in the forenoon.    It further appears that defendant said that he would make a clean breast of this thing, and that later in the day, and about 3 o'clock that afternoon, in the presence of a stenographer, an assistant prosecuting attorney, and others, Cummings again accused defendant and he denied any connection with the affair.    After it had been made to clearly appear that at the afternoon meeting defendant denied his connection with the affair, the court, on motion of defendant's counsel, struck out the testimony as to what occurred in the afternoon, and what was then said by Cummings in defendant's presence, and on like request then instructed the jury to disregard the testimony, and in his general charge said:

"In this connection the testimony of the officers with reference to the statements and accusations made in the prosecuting attorney's office at or about 3 o'clock in the afternoon on the date of February 10th was stricken from the record, and the court instructs you at this time, as it did at that time, to disregard that testimony totally, and strike it completely from your minds, and I instruct you at the present time not to let it weigh in any way, shape or manner in this case. Take it out of the case completely, because after it is

once stricken from the record it is no part of the case, and you must not consider it in any way, shape or manner in connection with your determination of the guilt or the innocence of this defendant in this case, and I give you the same instruction, gentlemen, with reference to any part of the testimony that may have been stricken from the record which you have heard as the case proceeded."

The trial judge, however, permitted them to consider the testimony as to what occurred in the forenoon. In this ruling he was correct. *People* v. *Greeson*, 230 Mich. 124. If it was error to admit the testimony as to what occurred in the afternoon, it was cured by the clear and unequivocal instructions to the jury.

The evidence was amply sufficient to take the case to the jury, and the verdict was not against its clear weight. The other errors assigned do not merit discussion.

The judgment of conviction will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.