McCLINTICK v. OSCEOLA CIRCUIT JUDGE.

1. Mandamus—Positive and Unequivocal Return of Judge Conclusive on Facts.

The return of the circuit judge to an order to show cause in mandamus proceedings, being positive and unequivocal, is conclusive on the facts.

2. Exceptions, Bill of—Extension of Time—Jurisdiction—Appeal and Error.

Where no order extending the time to settle the bill of exceptions beyond 20 days was granted within 20 days after entry of judgment, the court was without jurisdiction to grant an extension after expiration of that period.

Mandamus by Charles McClintick, doing business as McClintick & Company, to compel Hal L. Cutler, circuit judge of Osceola county, to reinstate an order extending the time to settle a bill of exceptions. Submitted January 8, 1929. (Calendar No. 34,054.) Writ denied March 29, 1929.

*E. J. Millington* and *Clare J. Hall,* for petitioner.

*John C. Shields* and *A. W. Penny,* for respondent.

Fead, J. Judgment was entered April 5, 1928. On June 15th the circuit judge made an order extending the time for settlement of bill of exceptions to July 25th. On motion of defendant the judge vacated such order and plaintiff here asks writ of mandamus to compel him to reinstate the order, grant further extensions, and sign the bill of exceptions. The order was vacated on the ground that there was no jurisdiction to make it because no order of extension of time beyond the period of 20

days after entry of judgment had been made within such period.

The only record of an order of extension of time made within 20 days after judgment was contained in the minutes of the court reporter, at conclusion of trial, that plaintiff's counsel asked "a stay of 20 days in order to get the record," and the court stated that plaintiff was entitled to a stay of 20 days as a matter of course on filing a $1,000 bond and the stenographer's certificate that the record had been ordered. The certificate was filed April 19th, bearing the endorsed approval of the circuit judge, and the bond was filed April 23d, approved by counsel for defendant, but not endorsed by the judge. The bond and a stipulation of counsel waiving notice of hearing of motion for the order of June 15th recited that an 80-day extension for settlement of bill of exceptions had been granted.

Plaintiff urges that the order made in open court was that plaintiff have 20 days to settle the bill of exceptions as a matter of course and an additional 60 days on filing certificate and bond; that this is apparent from the form of the order and the subsequent proceedings; and that the omission of the 60-day extension therefrom was due to error of the reporter. He asks this court to so find. In his return to the order to show cause herein, the circuit judge explicitly and unequivocally denied that any extension beyond 20 days from entry of judgment had been asked of or made by him prior to June 15th, and asserted that, immediately after making the order in open court, he had expressly warned plaintiff's counsel that the extension granted was for only 20 days, and a further order would be necessary after presentation of the stenographer's certificate to him.

This court will not decide issues of fact on such matters. The return of the circuit judge, being positive and unequivocal, is conclusive on the facts. *Patrons' Mut. Fire Ins. Co.* v. *Wexford Circuit Judge,* 227 Mich. 154. There being no order on the journal of the court, nor in writing under signature of the judge, made within 20 days after entry of judgment and granting more than 20 days to settle bill of exceptions, the return must be taken as true, and it be held that the court lost jurisdiction to grant extension after expiration of the 20-day period. *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

The writ is denied, with costs to defendant.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.