## INSURANCE COMPANY *v.* LANIER.

1. A bill of exceptions, allowed and signed or sealed by the judge, is the only mode by which his rulings during the progress of a trial, or his charge to the jury, can be rendered a part of the record.
2. The provisions of the Code of Georgia are in harmony with this rule.

ERROR to the Circuit Court of the United States for the Southern District of Georgia.

The facts are stated in the opinion of the court.

*Mr. Philip Phillips* and *Mr. William H. Phillips* for the plaintiff in error.

*Mr. Julian Hartridge* and *Mr. Rufus E. Lester, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

After careful consideration, we are all of opinion that the record contains nothing upon which the assignments of error can be based. The plaintiff in error complains that certain evidence was improperly admitted, and that incorrect instruction was given to the jury; but the record does not show that any exception was saved to the admission of evidence or to the charge of the court. No bill of exceptions appears to have been made up or signed. It is true that in the transcript sent up to us it is stated that at the trial objection was made to the reception of certain testimony of witnesses, that the objection was overruled, and that the defendant then and there excepted to such ruling of the court, and assigned error thereon. So the transcript states that the judge gave substantially certain instruction to the jury, and adds, " to which portion of said charge said defendant then and there excepted, and assigned the same as error." But, even if the facts occurred as certified by the clerk, his statement that they occurred does not bring them upon the record so as to make them the subject of review. There is but one mode of bringing upon the record and making a part of it the rulings of a judge during the progress of a trial, or his charge to the jury, and that is by a bill of exceptions allowed and sealed or signed by the judge. It is true that in the hurry of the trial the bill is not often reduced to form and sealed or signed. Generally an exception is only noted by the

-judge at the time claimed, and it is subsequently drawn up ; but it is not a bill of exceptions until it has been sealed, or, as is now sufficient, signed. The sealing or signature of. the judge is essential for its authentication ; and it has been ruled that the judge's notes do not constitute a bill of exceptions. They are but memoranda from which a formal bill may afterwards be drawn up and sealed. *Pomeroy* v. *The Bank of Indiana*, 1 Wall. 592. There it was said, " When exceptions are taken to the ruling of the court, in the course of a trial, to the jury, such an entry is frequently made in the minutes of the case, or of the presiding justice, as evidence of the fact, and as a means of preserving the rights of the party in case the verdict should be against him, and he should desire to have the case re-examined in the appellate tribunal ; but it was never supposed that such an entry could be of any benefit to the party unless he seasonably availed himself of the right to reduce the same to writing, and took proper measures to have the bill of exceptions sealed by the judge presiding at the trial, or, in other words, such an -entry in the minutes can only be regarded as evidence of the right of the party seasonably to demand a bill of exceptions ; but it is not the same thing, and it has never been so considered in the Federal courts. And again : " Unless an exception is reduced to writing and sealed by the judge, it is not a bill of exceptions, within the meaning of the statute authorizing it, and it does not become part of the record." No such bill is found in the present case. Where the memoranda of exceptions appearing in the transcript came from does not appear. They are not even stated to be on the minutes or the judge's notes.

The verdict was returned, and the judgment was signed on the 14th of November, 1874. The transcript exhibits a paper dated Nov. 19, 1874, called an assignment of error, signed by the attorney of the insurance company, and filed on that day, setting forth that in the foregoing record and proceedings various errors appeared, and describing them. The paper appears to have been served on the plaintiffs' attorney, and on the same day it was indorsed " exceptions overruled. John Erskine, judge." For what purpose the paper was prepared does not clearly appear. Perhaps it was in aid of a motion

for a new trial, or it was intended as preparation for a writ of error, probably the latter. But it is impossible to regard it as a bill of exceptions taken or noted at the trial. It refers to no exceptions then taken. On the contrary, while it refers to objections alleged to have been made at the trial, and assigns overruling them as error, it states that the defendant now (Nov. 19) assigns the same as error, and excepts thereto.

We find nothing in the code of Georgia that aids the plaintiffs in error. The only provision that is of any importance as bearing upon the subject is the following : " At any stage of the cause either party may file his exception, and, if the same be certified or allowed, it shall be entered of record in the cause ; and should the case, at its final determination, be carried by writ of error to the Supreme Court, error may be assigned upon such bill of exceptions." This does not differ substantially from the provisions of the Statute of Westminster, 13 Edw. I. c. 31. The exception must be certified or allowed as well as filed, and it is the signature or seal of the judge that certifies or allows it.

We are, therefore, reluctantly brought to the conclusion that the record of this case exhibits nothing that justifies the assignments of error.                              *Judgment affirmed.*