### WHITAKER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1915. Rehearing Denied March 1, 1915.)

No. 2713.

1. CRIMINAL LAW ⊕1092—BILL OF EXCEPTIONS—PRESENTATION, EXAMINATION, AND SIGNING BY JUDGE.

A paper, referred to as a bill of exceptions, and not signed by the judge, nor appearing of record to have ever been examined by or presented to him, cannot be regarded as a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⊕1092.]

2. CRIMINAL LAW ⊕1122—APPEAL—BILL OF EXCEPTIONS—REVIEW.

Where an alleged bill of exceptions contained only a part of the evidence received on the trial, and the charge was entirely pretermitted, errors assigned on the court's ruling in refusing to give a peremptory instruction in behalf of plaintiff in error could not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2940–2945; Dec. Dig. ⊕1122.]

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. CRIMINAL LAW ☜⟶956—NEW TRIAL—AFFIDAVIT.**

   Where an exculpatory affidavit, executed by one jointly indicted and convicted with accused, postdated his conviction, he could avail himself thereof only by submitting it to the trial court on a motion for new trial.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2373–2391; Dec. Dig. ☜⟶956.]

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Charles M. Whitaker was convicted of using the mails in execution of a scheme to defraud, and he brings error. Affirmed.

Charles M. Whitaker, in pro. per.

R. C. Lee, U. S. Atty., and J. W. George, Asst. U. S. Atty., both of Jackson, Miss.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge. The plaintiff in error was indicted, tried, and convicted, under section 215 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1913, § 10385]), of the offense of using the mails in the execution of a scheme to defraud. At a former term of this court a writ of certiorari was ordered, requiring the clerk of the District Court to send up a complete record of the proceedings appearing in the court below. In compliance with the order the clerk sent up the record, which discloses, among other matters not necessary to enumerate, the following orders and proceedings: (1) The indictment, verdict of the jury, and the sentence of the court; (2) a paper, designated by the plaintiff in error a bill of exceptions; and (3) an assignment of errors. The paper referred to as a bill of exceptions was not signed by the judge, nor is there anything in the record to show that it was ever examined by or presented to him.

[1] It is evident that such a paper cannot be treated as a bill of exceptions. "There is but one mode," said the Supreme Court, in Insurance Co. v. Lanier, 95 U. S. 171, 24 L. Ed. 383, "of bringing upon the record and making a part of it the rulings of a judge during the progress of the trial, or his charge to the jury, and that is by a bill of exceptions allowed and sealed or signed by the judge."

[2] From an examination of this paper it appears that it contains only a "part of the evidence offered and received" on the trial of the cause, and the charge of the court is entirely pretermitted. In this condition of the record, it is equally apparent that error, assigned upon the ruling of the court in refusing to give a peremptory instruction in behalf of the plaintiff in error, cannot be considered by this court.

In view of the fact that the plaintiff in error is unrepresented by counsel and that he is prosecuting his case in forma pauperis, we desire to say that we have given the record a careful and critical examination, for the purpose of ascertaining whether a plain error absolutely vital to him was committed. We have failed to find such error, if, indeed, any error whatever was committed by the trial court.

---

☜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The objections urged to the indictment are manifestly not well taken. The indictment clearly and distinctly charges an offense under section 215 of the Penal Code, and the sentence of the court is regular in form.

The trial court evidently considered the evidence, which we have shown is not fully set out in the record, sufficient to authorize a verdict of guilty.

[3] There appears in the record an affidavit, made by Ike Kirby, who was jointly indicted and convicted with the plaintiff in error, in which the former seeks to show that the latter was guiltless of the offense charged in the indictment. This affidavit was made on August 8, 1913, and the cause was tried July 10, 1913. It is thus perceived that the trial antedated the affidavit by approximately a month. If the plaintiff in error desired to avail himself of the affidavit, he should have submitted it to the trial court on a motion for a new trial. That court, in the exercise of a sound discretion, could have made such order as justice required. But, even had a motion been made and overruled, which was not the case, the overruling order could not be reviewed by this court.

In view of the foregoing, it is our duty to affirm the judgment; and it is so ordered.