Mr. Chief Justice TANEY
 

 delivered the following opinion of the court. -
 

 The plaintiff in error in this case suggests that there is diminution in the record, in omitting the charge to the jury which was delivered at the trial by the Circuit Court, and moves for a certiorari, that it may be set out at length, and appended to the record.
 

 So much .of the -charge of the court as was ei’cepted to-.at the trial, is .inserted in the record as it now stands; and by the 38th rulé of this court, adopted at January Term, 1832, it was ordered, that thereafter
 
 “
 
 the. judges of the Circuit and District Courts do not allow any bill of exceptions, which shall contain the charge of the court at large to the jury, in trials at common law, upon any general exception to the whole of such charge. But that the party excepting.be' required’to state distinctly the several matters in law, in such charge, -to which he excepts; and that such matters of law, and those only, be inserted in the bill of exceptions, and allowed : by the court.”
 
 , .
 

 .
 
 The record now before us contains as much of the charge as is authorized, by this rule, to be inserted in the exception, and the •motion for a
 
 certiorari
 
 must therefore be overruled.
 

 
 *554
 

 J. R. Ingersoll
 
 afterwards filed, and read in open court, the following suggestion in writing, to wit:
 

 In the printed record, a mere omission is made qf a portion of the manuscript charge. 1. After the reference to Evans
 
 v.
 
 Jordan, 9 Cranch, 201, (printed record, p. .30, near the bottom of the -p'age,) there are four and a half pages of manuscript, (pages 26, 27, 28, 29, 30.) 2. On page 27 of the manuscript are these words: “ It thus appears that the act of 1839 goes only one step beyond those of 1832 and 1836, and is a dead-letter, if it protects the person who has purchased, constructed, or used the machine invented,” &c.
 

 A memorandum, endorsed by Judge Baldwin, “ Stimpson
 
 v.
 
 West Chester Railroad Company. Exceptions to the charge,” In this memorandum are found, the following words: “ 7 sect, act of-1839 Sfoes only one step beyond those of '1832 and. 1836, and- is dead etter so.far as protection against such subsequent use.”
 

 3. On page 30 of the manuscript charge are these words : “ In the case before us, it-clearly appears that the defendants constructed their railroad with the plaintiff’s curves, in 1834, one. year or more before the plaintiff’s application for his renewed patent, consequently they may continue its use without liability tp the plaintiff.”'
 

 The same, memorandum^ endorsed by Judge Baldwin, contains ■ these words: “ As defendants made railroad in 1834, they may continue use.”
 

 ' Thus it will be perceived, the very points objected to in writing:, and the writing received and admitted to be such by Judge Bald-win, are omitted in copying the charge at the clerk’s office at Philadelphia. The language of . the charge,-as written out, is somewhat more extended than that of' a memorandum hastily made while it was delivered, but it is, throughout, substantially, and in part,, litefally the same. ■
 

 The “ important question” in the case was, the defendants’, right to use, after the date of the. second patent, the specific machine constructed and used by them before the date of that patent. This question, according to the printed record, is not decided at all, nor left to the jury,‘nor any result arrived at in, regard to it.
 

 The whole charge is not wanted, but only those parts distinctly excepted to at the moment, and inadvertently- omitted by a copyist.
 

 It is obvious, .besides, that the charge, or the fragment of a charge printed, is not only elliptical, but insensible. The judge says, (p. 30,) i£ Another important question,” &c., yet no question appears. The manuscript must be consulted in order to give-meaning or object to the phrase.
 

 The counsel for the defendant in error would probably learn with some surprise, that this application has been refused. In the paper book which that counsel has caused to be printed, page 3, third paragraph, the 7th section of the act .of 1839 is quoted,’ and sup
 
 *555
 
 ported by points and references. All this is without object or origin ■in the printed record. The . source- of it is dried up by the omission of the copyist. So page 4 of that paper book, No. 6,
 
 “
 
 under the act of 1839, &c.” These remarks are applicable only to the . omitted parts of the charge.
 

 The counsel for plaintiff in error, who now moves for a
 
 certiorari,
 
 Was not present at the trial, but his colleague, who tried the cause, informs him that the judge undertook to put the whole charge on the record, and the concluding words along with it. Thus,
 

 be 1. The wholé charge, under the promise of -the judge, ought to • a Dart of the record.
 

 2. The omitted parts in the printed record are the essence arid substance of the case;- admitted by the judge to be such, and specifically excepted to at the moment.
 

 - 3. The -whole, difficulty ., arises from a,. mere inadvertence of a clerk.
 

 4. Extreme injustice will be done, if the clerical omission be not corrected.
 

 • 5. Were the judge living, verbal explanations might be-given by him, büt not more-precise perhaps than the written endorsement or the memorandum of counsel.
 

 Finally, the printed record shows that the judge put the case on two points
 

 First, was the -second patent void ?
 

 The judge decided that it is. .
 

 Secondly, if the second patent were not void, then, can the plain- ■ tiff recover, when the specific machine used by the defendants was first made and used by them before the second patent was taken ' out ?
 

 This second point, according, to the printed record, the judge states, but does not decide, or put in such shape as to let the jury, decide. His conclusion is omitted, while his premises are stated. And a correction of this is the subject of the
 
 certiorari.
 
 Mr.
 
 Inger-soll
 
 then moved the court for a writ of
 
 certiorari
 
 to be directed to the judges of the Circuit Court of the United States for the eastern district of Pennsylvania, commanding them to certify forthwith whatever errors and Omissions shall be found.
 

 Upon which motion, Mr. Chief Justice TANEY delivered the opinion of the court.
 

 A motion was made at a former day of the present term for a
 
 certiorari
 
 to bring up the charge delivered by the Circuit Court at the trial, to be set out at length, and appended to the record. This motion was overruled for the Reason then stated by the court.
 

 The motion has since been revived, and a copy of what purports to have been the charge of the court at length has been produced, in order to show that a material point in it has not been inserted in the
 
 *556
 
 exception, as brought up' in the record; and some memorandums in the handwriting of the late presiding judge óf the Circuit Court have also been laid before this court for the purpose of showing that an exception was reserved to the part of the charge above referred to.
 

 In relation to the exception stated in the record, the court think it proper to say, that it contains a great'deal of argument which is ■ altogether out of place in an-exceptión, and contrary to the directions of-fhis court as given in the 38th rule; And it would appear,, from' the copy of the charge- produced in support of this motion, that while much of the argument of the Circuit Court has been improperly inserted, the. matter of. law which the argument was intended to' prove, and upon which the jury were instructed, is omitted. But this court has. not the power to correct any errors or omissions that may have been made in the Circuit Court in framing the exception; nor can we regard any part of the charge as the subject-matter of revision here, unless the judges, or one of them, certify,-under his seal, that 'it was excepted to at the trial. If the porlion’of the charge, in relation to which the -diminution is suggested, was in fact embraced in the exception, and the omission of .it is a clerical error, hen, upon producing here-a copy of the exception properly certifh d, the plaintiff in error-will be-entitled to a
 
 cer-
 
 tiorari, in order to. supply the defedt.. .But we cap. in no respect alter or amend the exception, certified under the seals of the judges of the Circuit Court, either by referring tffiihe charge at length, or the notes of the presiding judge;. and as the case is now presented, the motion must be refused.