## HANNA *v.* MAAS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF MICHIGAN.

Argued April 28, 1887. — Decided May 23, 1887.

No question is presented for the decision of this court by a bill of exceptions which does not state any rulings in matter of law, or any exceptions to such rulings, otherwise than by referring to an exhibit annexed, containing the whole charge of the court to the jury, and notes of a conversation ensuing between the judge and the counsel of both parties as to the meaning and effect of the charge, interspersed with remarks of either counsel that he excepted to that part of the charge which bore upon a certain subject, or to the refusal of the court to charge as orally requested in the course of that conversation.

When a bill of exceptions is so framed as not to present any question of law in a form to be revised by this court, the judgment must be affirmed.

THE case is stated in the opinion of the court.

*Mr. E. J. Estep* for plaintiff in error.

*Mr. Daniel H. Ball* for defendants in error. *Mr. A. T. Britton, Mr. A. B. Browne* and *Mr. W. H. Smith* were with him on the brief.

MR. JUSTICE GRAY delivered the opinion of the court.

This action was brought by Maas and others, citizens of Marquette in the State of Michigan, against Hanna and others, commission merchants and citizens of Cleveland in the State of Ohio, upon this contract, signed by the defendants and addressed to the plaintiffs' agent:

"Marquette, Mich., August 22, 1874. We will advance $25.25 per ton on 500 to 1000 tons" (increased by supplemental contract to 2000 tons) "Michigan charcoal pig iron, when delivered at Cleveland."

At the trial the plaintiffs introduced evidence tending to prove that such iron, on which the plaintiffs had advanced $20 a ton, was delivered by them to the defendants on the faith of this contract, and was afterwards sold by the defend-

ants for less than the amount of the plaintiffs' advances; and the plaintiffs recovered a verdict for the difference, amounting to $9120.52. A motion by the defendants for a new trial was overruled, and judgment entered on the verdict, and the defendants sued out this writ of error.

The bill of exceptions signed by the presiding judge begins by stating that the parties respectively introduced the evidence shown in an exhibit annexed and marked A. That exhibit appears to contain a report of all the evidence introduced at the trial, with minutes that certain parts of it were objected to. The bill of exceptions then, without even stating that exceptions were taken to the admission of any of the evidence, proceeds and concludes as follows:

" And neither party having offered or given further testimony, the cause was. argued by counsel; and thereupon the court charged the jury as set forth in the annexed exhibit, marked ' Charge,' and refused to charge as therein set forth; to which charges and refusals to charge the defendant at the time excepted, as set forth in said exhibit; and thereupon, after verdict and within the time fixed by the court, the defendant filed his motion for a new trial, which was heard and overruled by the court; to which ruling the defendant at the time excepted, and the court entered judgment upon the said verdict. Thereupon the defendant requested the court to sign and seal this his bill of exceptions, which is here accordingly done within the time limited by the court."

The exhibit marked " Charge," in the transcript sent up to this court, consists of three closely printed pages setting forth the whole charge of the judge, followed by as many more pages containing what appear to be a stenographer's notes of a conversation ensuing between the judge and the counsel of both parties as to the meaning and effect of the charge already given to the jury, but interspersed with remarks of either counsel that he " excepted," or " desired to note " or " to preserve " an exception to that part of the charge. which bore upon a certain subject, or to the refusal of the court to charge as orally requested by counsel in the course of that conversation.

The object of a bill of exceptions is to put on record rulings and instructions in matter of law which could not otherwise be a subject of revision in a court of error. The excepting party, in order to entitle himself to such revision, must not only allege exceptions at the trial or hearing, but he must afterwards draw up and hand to the presiding judge those exceptions in writing, stating distinctly and specifically the rulings or instructions of which he complains. 2 Inst. 426; Steph. Pl. (1st Am. Ed.) 111; *Turner* v. *Yates,* 16 How. 14, 29; *Insurance Co.* v. *Sea,* 21 Wall. 158. If the exceptions so drawn up by the party in writing are found to be true, they are sealed, or often, in the practice of the federal courts, merely signed by the presiding judge. *Herbert* v. *Butler,* 97 U. S. 319; Rev. Stat. § 953. Minutes of the judge or clerk, or notes of a stenographer, cannot take the place of a bill of exceptions, but are only memoranda by the aid of which one may afterwards be drawn up. *Pomeroy* v. *Bank of Indiana,* 1 Wall. 592; *Thomson* v. *Riggs,* 5 Wall. 663; *Young* v. *Martin,* 8 Wall. 354; *Insurance Co.* v. *Lanier,* 95 U. S. 171. The exceptions must be drawn up and settled in proper form in the court below, and cannot be amended or redrafted in this court. *Stimpson* v. *West Chester Railway Co.,* 3 How. 553.

This bill of exceptions has been framed and allowed in disregard of the settled rules of law upon the subject. No ruling upon evidence is open to revision, because none appears to have been excepted to; *Scott* v. *Lloyd,* 9 Pet. 418, 442; and the overruling of the motion for a new trial is not a subject of exception. *Railway Co.* v. *Heck,* 102 U. S. 120. The bill of exceptions, instead of stating distinctly, as required by law and by the 4th Rule of this court, those matters of law in the charge which are excepted to, and those only, does not contain any part of the charge, or any exception to it, and undertakes to supply the want by referring to exhibits annexed, containing all the evidence introduced at the trial, the whole charge to the jury, and notes of a desultory conversation which followed between the judge and the counsel on both sides, leaving it to this court to pick out from those

notes, if possible, a sufficient statement of some ruling in matter of law.

But to assume to do that would be to take upon ourselves the duty of drawing up a proper bill of exceptions, a duty which belonged to the excepting party, and should have been performed before suing out the writ of error. This we are not authorized to do. Our duty and authority are limited to determining the validity of exceptions duly framed and presented.

The defendants having failed to reduce their exceptions to such a form that this court can pass upon them, the judgment must be affirmed. *Suydam* v. *Williamson,* 20 How. 427; *Insurance Co.* v. *Sea,* above cited.

*Judgment affirmed.*