# HIGHT v. McCOY.

MANDAMUS; COURTS; BILL OF EXCEPTIONS.

While this court has the power by mandamus to compel a trial justice to
consider a bill of exceptions, it cannot compel him to sign a bill which
has been tendered, but which in his opinion is not in conformity with
the rules of this court. Under such circumstances his act is one
of judicial discretion which this court cannot control.

Original No. 475. Submitted March 26, 1917. Decided March 31, 1917.

PETITION for the writ of mandamus to compel a justice of
the Supreme Court of the District of Columbia to sign a pro-
posed bill of exceptions.

*Rule to show cause denied and petition dismissed.*

*Mr. Dan Thew Wright* and *Mr. T. M. Wampler* for the pe-
titioner.

*Mr. D. W. O'Donoghue* for the respondent.

PER CURIAM:

This is an application for a writ of mandamus to Mr. Jus-
tice McCoy, of the supreme court of the District of Columbia,
to compel him to sign, allow, and make part of the record a pro-
posed bill of exceptions for and on behalf of the said C. B.
Hight.

It appears that the bill of exceptions, as it is entitled, was
submitted to Justice McCoy after the final decree had been ren-
dered in the case, and that he refused to sign it because in his
opinion it was not prepared in accordance with the rules of this
court relating to statements of evidence in equity causes.

This court has no power to compel a trial justice to do any-

thing more than consider a bill of exceptions. It cannot compel him to sign a bill which has been tendered which, in his opinion, is not in conformity with the rules. It is an act of judicial discretion which this court cannot control.

It is considered, therefore, that it is unnecessary to issue a rule in this case, and that the petition be dismissed, with costs.