## WILCOX v. UNITED STATES.*

Court of Appeals of District of Columbia.

Submitted October 2, 1928. Decided November 5, 1928.

No. 4750.

Cornelius H. Doherty and Frank J. Kelly, both of Washington, D. C., for appellant.

Leo A. Rover and William H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was convicted and sentenced below upon three indictments. The first one charged appellant, together with one Tate and one Kloss, with feloniously breaking into the People's Drug Store, and stealing certain money therein. The second indictment charged appellant, together with the same codefendants and also one Rawlett, with feloniously breaking into the store of Toback and Greenwald, with intent to steal the goods therein. The third indictment charged the appellant, together with Rawlett, Kloss, and Tate, with feloniously breaking into the store of the Old Dutch Market, and stealing certain money therein.

Rawlett pleaded guilty to both charges. Appellant, Tate, and Kloss were tried jointly, and convicted. Tate and Kloss have not appealed.

At the trial below the defendant moved for a separate trial, which the court refused. The defendants then asked that the indictments be consolidated and tried together, which was done. The defendants moved the court to furnish an official stenographer to take the testimony at the trial, which was refused. Exceptions were taken to these rulings, but in our opinion the court acted within its discretion and without error.

Appellant claims that his counsel then requested the court to have the jury sworn on their voir dire, and that the request was denied. This statement, however, does not appear in the bill of exceptions. The appellant moved the court to add such a statement to the bill, and supported the motion by various affidavits. The court overruled the motion, and this ruling is assigned as error. The assignment is overruled upon the ground that this court is without power to correct any imperfections or misstatements that are alleged to exist in the bill of exceptions taken

*Certiorari denied 49 S. Ct. 253, 73 L. Ed. —.

below and certified to this court. Kelly v. Moore, 22 App. D. C. 1; Columbia Heights Realty Co. v. Macfarland, 31 App. D. C. 112; Johnson v. United States, 38 App. D. C. 347.

Appellant's counsel requested the court to allow him to question each and every juror as to whether any of them was in any way influenced by the action of the court in discharging a trial jury in a former case for bringing in a verdict contrary to the evidence. This request was denied, and there is no error in the ruling. Appellant's counsel proposed to ask each juror separately his name and occupation, and the court refused to permit this. We think this was not error, in view of the fact that this was a matter-of record respecting the venire, and the record was available to appellant's counsel.

It appeared during the progress of the trial that one of the jurors was acquainted with a witness in the case, and a motion for a mistrial was filed by appellant for that reason. The court denied the motion, and the evidence, which we need not set out, fully justified the ruling.

The testimony at the trial consisted in part of an alleged confession of appellant, which the latter claimed was extorted by threats and physical assaults. The court heard the testimony relating to this issue in the absence of the jury, and admitted the confession; but at the same time carefully instructed the jury to disregard it unless they were convinced beyond a reasonable doubt that it had been freely and voluntarily made. The jury were justified by the evidence in finding that the confession was voluntary.

Various other exceptions were taken by appellant to the trial court's rulings during the examination of the witnesses. We need not discuss them in detail, for after a careful examination of them we are convinced that the court's rulings were without error. Various instructions were presented to the court by the appellant with a request that they should be read as part of the court's charge to the jury. The trial justice refused these requests. Nevertheless the court's general charge to the jury was correct, and fully covered the issues in the case. The appellant therefore suffered no prejudicial error because of this ruling. Complaint is made by appellant of the trial court's attitude and demeanor toward appellant's counsel during the trial, and also of alleged misconduct of the district attorney, but the record does not sustain these charges.

Upon a review of the entire record, the judgment below is affirmed.