## MODER et al. v. UNITED STATES.
### No. 5747.

Court of Appeals of the District of Columbia.
Decided Aug. 3, 1932.

On Rehearing Dec. 16, 1932.

Jesse C. Duke, of Washington, D. C., for appellants.

Leo A. Rover and Harold W. Orcutt, both of Washington, D. C., for appellee.

MARTIN, Chief Justice.

1. On the motion and application for leave to proceed in forma pauperis, the court is of opinion that the same should be granted, and an order will be entered accordingly.

2. On the motion for reduction of bail as to appellants Caparrotta, Pellicano, and

Crane, the same is denied. All of the above named have been duly convicted of the commission of a felony against the United States and have been sentenced and have appealed. The presumption is that the trial judge has fairly exercised his judicial discretion in fixing the amount of bail, and no good ground is assigned which, in our opinion, will justify our interference. In the case of Moder, one of the appellants, the trial court refused to admit to bail, and we are asked to overrule his action in this respect and also to fix the amount of bail. We think we should not do either. Appellant Moder was a fugitive from justice prior to his trial and conviction. He stands indicted in the lower court for another offense for which he has not yet been tried, and in which he has not applied for bail. He is not a citizen of the United States, nor has he apparently any fixed or permanent place of abode, and in his petition he states that, if admitted to bail, he will leave the district and move to the city of New York. He has been convicted and sentenced, and the allowance of bail in the circumstances is not a matter of right, but a matter of discretion; and we are not disposed to interfere without more than is now shown.

3. On the motion for a writ of certiorari to the lower court commanding it to send up the stenographic transcript of evidence and exceptions, and on the motion of the United States to strike, we are of opinion that the motion to strike should be granted and the writ denied. Except for what follows, it would be sufficient to say that the motion for the writ fails to comply with the rules of this court. First, in that it fails to show that the testimony claimed to be omitted in the bill of exceptions is material, or in what respect it is material. Second, the stenographic transcript is itself not a part of the record. But our attention has been drawn to paragraph 15 of the motion, which is as follows: "Appellants, in view of all of the foregoing, charge that the said trial justice has intentionally and deliberately sent up to this honorable court a false, inaccurate, incomplete, deleted and diluted bill of exceptions in this case * * * and the United States attorney stands equally guilty in this obstruction of justice and falsification of records herein."

It is hardly conceivable that a more serious charge than this could be made against a judge or an attorney, and to justify it the proof should be unquestionable. Here it is made without any other foundation than the mere statement of counsel, who, if we read the written motion correctly, was not himself of counsel in the trial in the lower court, for in a paper filed with the trial court we find he states that "he is not familiar with any of the * * * evidence of his own knowledge." Nor is the source from which he obtained his present knowledge stated; and, what is of even more importance, nowhere does it appear in what respects the evidence certified by the court is incorrect. All that does appear to justify the indictment of the court and government counsel of deliberate falsification of a record on a criminal appeal is the conclusion, without more, that 2,000 pages of testimony can not be reduced in narrative form to 169 pages—a conclusion which we think wholly without force or effect.

In the circumstances it becomes, we think, our duty to strike the language contained in this paragraph as scandalous, impertinent, and defamatory. Further action on our part of a disciplinary nature may be necessary, and to the end that we may act advisedly and deliberately in determining this question we deem it desirable that this court should have access to the stenographic record of the testimony of the witnesses taken in the trial below. Consequently, we desire and direct that Leo A. Rover, United States attorney, shall forthwith file with the clerk of this court a copy of same, and that counsel for appellants shall have access to same in the presence of the clerk.

## On Motion for Rehearing.

### PER CURIAM.

Appellants in the above-entitled cause filed in this court on July 27, last, a motion in which they asked that this court issue a "writ of certiorari" to the Supreme Court of the District of Columbia commanding that court to certify and send up the entire record in the lower court, including the stenographic transcript of evidence and exceptions. They likewise applied for leave to proceed on the appeal in forma pauperis, and requested this court, pending the appeal, to reduce the bail fixed by the lower court in the cases of Caparrotta, Pellicano, and Crane, and to fix bail in the case of the defendant Moder. On August 3 we granted the motion to proceed in forma pauperis, but denied the other two motions in a memorandum which was duly filed on that day. In the latter part of August, and when this court was in recess, counsel for appellants filed in the clerk's office of this court a petition entitled "A Motion to Rehear," and in this petition prayed a rehearing on the petition for bail and certiorari and that this

court require the substitution of the stenographic record of the evidence and exceptions in the place and stead of the bill of exceptions sent up by the trial judge. The motion was brought to the attention of the court at the October term, and has since been carefully considered.

■ The purpose of the original petition which was denied and of the later petition which we are now considering, except as in the matter of the reduction of bail, was to have this court make a stenographer's transcript of the evidence a part of the record on the appeal and to substitute it and the exceptions shown by it to have been taken in the trial for the bill of exceptions duly certified by the trial judge. Inasmuch as the stenographic transcript was not a part of the record below, we were entirely without power to make it a part here, and we had no alternative but to deny the original motion on this ground, and this we did. And for the same reason and the additional reason that to treat this unofficial transcript as a bill of exceptions would be violative of every applicable rule of law, we are obliged to deny the motion to rehear in this respect. The rule is fundamental, and it is nowhere more clearly stated than by the Supreme Court in Hanna v. Maas, 122 U. S. 24–27, 7 S. Ct. 1055, 1056, 30 L. Ed. 1117, where it is said:

"The object of a bill of exceptions is to put on record rulings and instructions in matter of law which could not otherwise be a subject of revision in a court of error. The excepting party, in order to entitle himself to such revision, must not only allege exceptions at the trial or hearing, but he must afterwards draw up and hand to the presiding judge those exceptions in writing, stating distinctly and specifically the rulings or instructions of which he complains. 2 Inst. 426; Steph. Pl. (1st Amer. Ed.) 111; Turner v. Yates [57 U. S.], 16 How. 14, 29 [14 L. Ed. 824]; Insurance Co. v. Sea. [88 U. S.], 21 Wall. 158 [22 L. Ed. 511]. If the exceptions so drawn up by the party in writing are found to be true, they are sealed, or often, in the practice of the federal courts, merely signed by the presiding judge. Herbert v. Butler, 97 U. S. 319 [24 L. Ed. 958]; Rev. St. § 953. Minutes of the judge or clerk, or notes of a stenographer, cannot take the place of a bill of exceptions, but are only memoranda by the aid of which one may afterwards be drawn up. Pomeroy v. Bank of Indiana [68 U. S.], 1 Wall. 592 [17 L. Ed. 638]; Thompson v. Riggs [72 U. S.], 5 Wall. 663 [18 L. Ed. 704]; Young v. Martin [75 U. S.], 8 Wall.

354 [19 L. Ed. 418]; Insurance Co. v. Lanier, 95 U. S. 171 [24 L. Ed. 383]. The exceptions must be drawn up and settled in proper form in the court below, and cannot be amended or redrafted in this court. Stimpson v. Westchester R. Co. [44 U. S.], 3 How. 553 [11 L. Ed. 722]. * * *

"But to assume to do that would be to take upon ourselves the duty of drawing up a proper bill of exceptions, a duty which belonged to the excepting party, and should have been performed before suing out the writ of error. This we are not authorized to do. Our duty and authority are limited to determining the validity of exceptions duly framed and presented."

See, also, In re Streep, 156 U. S. 207, 15 S. Ct. 358, 39 L. Ed. 399, where it was ruled that, where the trial court has settled and signed a bill of exceptions, an appellate court will not, on application supported by affidavits that the bill as settled and signed is incorrect, issue mandamus requiring the judge to resettle them.

In view of what we have just said and of the authorities to which we have referred, it is obviously our duty to deny the motion to rehear, and an order will be entered accordingly.

Nothing appears to justify a change of our views in relation to granting bail, etc., and we adhere to what we said on that subject in our memorandum of August 3.

## Supplementary Memorandum by the Court.

We have in a previous memorandum filed to-day stated our reasons for denying the motion filed by appellants to rehear a previous motion denied by us August 3, 1932. We did not, however, in denying the motion, dismiss the petition on which the motion was bottomed, and we purposely refrained from taking this action that we might notice certain serious charges made in the petition which we do not think we can overlook. Our action in this regard requires a brief résumé of the prior motions and proceedings had since the appeal in this case was brought to this court.

■ Appellants, subsequent to the taking of the appeal and the filing of the assignments of error, but prior to the settlement of the bill of exceptions, asked us to issue mandamus to the trial judge to require him to require the United States attorney to turn over to counsel for appellants the transcript of evidence which he had secured from a stenographer employed by him for that purpose. We denied the application. The paper was not a part of the record. The stenographer was not

an official of the court. The transcript which he made was made at the instance and for the accommodation of the prosecutor and it did not appear that it had ever been seen by the trial judge, and, in our opinion, we had no authority to compel the trial judge to in turn require the prosecutor to deliver it to his opponent. This we believe is the universal rule in jurisdictions where, as here, there is no provision for the appointment of an official stenographer to report court proceedings. On this subject, see State v. Barnett and Baker, 203 Mo. 640, 654, 102 S. W. 506, where it was said under similar circumstances that the notes of the testimony taken by a stenographer employed by one of the parties became the private property of the party employing the stenographer and the court had no authority to direct such party to deliver it to opposing counsel. In the present case it is conceded that the stenographer would have furnished copies of the transcript upon payment of the ordinary fees, but this payment appellees either could not or would not make. See, also, on this subject, State v. Vicknair, 118 La. 963, 43 So. 635, in which the same principle of proprietorship as to the stenographic notes taken by a privately employed stenographer was sustained. See, also, Coulston v. United States (C. C. A.) 51 F.(2d) 178, 180, on this subject. And this court in Wilcox v. United States, 58 App. D. C. 244, 29 F.(2d) 444, certiorari denied 279 U. S. 834, 49 S. Ct. 253, 73 L. Ed. 983, has held that the denial of application by an indigent defendant in a criminal case to require the employment of a stenographer to take the evidence was not error.

In August appellants applied to this court for an order directing the trial judge to make the stenographer's transcript a part of the record. This we denied for reasons then stated in writing and filed with the record.

In the petition last filed and which we have this day denied, appellants, in support of a renewal of the motion, state, over the signature of an attorney of this court, "that the said trial justice has intentionally and deliberately sent up to this honorable court a false, inaccurate, incomplete, deleted, and diluted bill of exceptions in this case." It will thus be seen that the situation which confronts us differs from that of other cases which we have examined on motions to impeach a record on appeal in that it is not only claimed that the record is inaccurate but that it is deliberately false.

As we have shown in our preceding memorandum, the drawing up of a proper bill of exceptions is the duty of the excepting party, and our authority is limited to determining the validity of exceptions framed, settled, and certified. But here the allegation goes beyond the mere matter of error, and charges judicial fraud. We have been and are unwilling to hear and decide an appeal on a record alleged to be purposely untrue, and we have no doubt that in such a case we have an inherent power to set aside the judgment and award a new trial, and, in this view, we deem it our duty not to hear argument on this appeal or to decide the case without further investigation.

The charges made are conclusions rather than statements of definite facts, and, in a matter of this importance, we have been at pains to examine the bill of exceptions certified by the trial judge and we find that it fully covers the assignments of error prepared and filed with the trial court by counsel responsible for the charges we are discussing. It may well be, as is claimed in appellants' petition, that it does not include all of the exceptions taken on the trial, but it is not argued on behalf of appellants that any omitted exceptions were ever brought to the attention of the trial judge. We are therefore faced with a charge without supporting facts on which to base it. If there are supporting facts, we are entitled to have them shown, and counsel should be afforded an opportunity to bring them to our attention. We can only act when this is done.

We have given careful thought and earnest consideration to the method and machinery by which this result can be accomplished, and have reached the conclusion that we should hear this aspect of the case separately from the merits of the appeal. To this end we shall appropriate for this purpose such time as is necessary at the convening of this court on January 3 next to enable counsel to present to us any facts which he may have to sustain the charge of deliberate falsity in the record on this appeal. A definite and succinct statement of facts supported by affidavits should be filed in the clerk's office of this court not later than December 27. A copy of any papers filed pursuant to this permission should be delivered on the same day to the United States attorney. The hearing on January 3 will be confined to the single question whether the record in the appeal in this case is a deliberate and premeditated perversion of the facts of the trial. If the United States attorney cares to be heard, we shall, of course, afford him such an opportunity. The matter will thus be disposed of, and the reg-

ular hearing on the appeal will abide the result.

We have heretofore entered an order allowing thirty days' additional time in which to file a brief. This time will be extended if necessary.

The clerk will forthwith furnish a copy of this memorandum to counsel for appellants and to the United States attorney.

MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices, concur.