## CLAWANS v. DISTRICT OF COLUMBIA.
### No. 2676. Original.

United States Court of Appeals for the District of Columbia.

Decided Feb. 15, 1937.

Lillian Clawans and F. D. Masucci, both of Newark, N. J., for petitioner.

Elwood H. Seal, Corp. Counsel, and Vernon E. West and John O'Dea, Asst. Corp. Counsel, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

## PER CURIAM.

Lillian Clawans, convicted in the Police Court of the District of Columbia on June 2, 1936, of violation of D.C.Code 1929, title 6, § 117, thereafter filed in this court a petition for writ of error, a petition for writ of mandamus against the trial judge to settle a bill of exceptions, and a petition for correction and amplification of the bill of exceptions in said cause. On December 16, 1936, these petitions were denied. On December 31, 1936, there was filed a petition for rehearing of the petitions for writ of error and for correction and amplification of the bill of exceptions, with a request for oral argument of the petition for rehearing. No petition for rehearing of the petition for writ of mandamus was filed.

The only new matter set forth in the petition for rehearing and for oral argument thereon is an allegation that the objections filed to the petition for writ of error were not served upon petitioner and that petitioner was without notice of them. Such service is not required either by statute or rule of court. Moreover, petitioner has not been substantially injured, if at all, by lack of such service since the rules of court make no provision for a reply to objections filed to a petition for writ of error. Leave to file such a reply is a matter of discretion on the part of the court, not a matter of right. In respect of the request for oral argument upon the petition for rehearing—it has not been the practice of the court to permit oral argument on such petitions, and there is no statutory requirement that oral argument be allowed. In view of what is said below, nothing could be gained by further delaying decision, or by oral argument.

The full court considered all the matters urged in the petition for writ of error, the petition for writ of mandamus, and the petition for correction and amplification of the bill of exceptions, and the full court concurred in the denial of all three petitions. The full court has considered all the matters in the petition for rehearing of the petitions for writ of error and for correction and amplification of the bill, and is of the view that it also should be denied. The basis of the denial of this petition and of the denial of the original petitions is the same, and is as follows:

In the large, the petition for writ of error is based upon what happened at the trial as shown in a proposed bill of exceptions, which differs materially from the bill of exceptions signed by the trial judge. It is in aid of the proposed bill that the petition for correction and amplification of the signed bill was filed. We are bound by the signed bill, and under it we find no warrant for granting writ of error. By D.C.Code 1929, title 18, § 33, this court is given power "to issue all necessary and proper remedial prerogative writs in aid of its appellate jurisdiction." In Hight v. McCoy, 46 App.D.C. 238, decided after the enactment of the above-quoted statute, this court held that it lacked power to compel a trial judge to do anything more than consider a bill of exceptions. There the judge had refused to sign a bill of exceptions because in his opinion it was not in conformity with the rules of this court. Petition for a writ of mandamus was dismissed, with the statement that the refusal to sign the bill was an act of discretion which this court lack-

ed power to control. It seems obvious from comparison of the signed bill with the proposed bill that unless the trial judge's refusal to sign the latter was arbitrary or unfair, it must have been upon the ground that the signed bill was correct and the proposed bill not. We think the refusal to sign upon the ground that the proposed bill was incorrect is at least as much a matter of discretion as a refusal based upon non-conformity with court rules.

In Ex parte Bradstreet, 4 Pet. 102, 7 L. Ed. 796, a rule had issued on a trial judge to show cause why he did not sign a certain bill of exceptions tendered him by one of the parties to a cause tried before him. The judge answered, in effect, that the tendered bill was incorrect as to matters occurring in the trial, and that the bill he signed was in conformity as nearly as possible with the truth of the case. The Supreme Court discharged the rule and refused mandamus, and said, through Mr. Chief Justice Marshall:

"The court is unanimously of opinion that the rule ought not to be granted.

"This is not a case in which the judge has refused to sign a bill of exceptions. The judge has signed such a bill as he thinks correct. If the court had granted a rule upon the district judge to sign a bill of exceptions, the judge could have returned that he had performed that duty. But the object of the rule is, to oblige the judge to sign a particular bill of exceptions, which had been offered to him. The court granted the rule to show cause; and the judge has shown cause, by saying he has done all that can be required from him; and that the bill offered to him is not such a bill as he can sign.

"Nothing can be more manifest, than that the court cannot order him to sign such a bill of exceptions. The person who offers a bill of exceptions ought to present such a one as the judge can sign. The course to be pursued is, either to endeavour to draw up a bill, by agreement, which the judge can sign; or to prepare a bill to which there will be no objection, and present it to the judge." 4 Pet. 102, at pages 106, 107, 7 L.Ed. 796.

Application for leave to file a petition for mandamus ordering correction of a bill of exceptions was denied in Re Streep, 156 U.S. 207, 15 S.Ct. 358, 39 L.Ed. 399, although affidavits were submitted that the bill of exceptions as signed and settled was incorrect, and that the purpose of the writ was to order the judge to have the bill resettled as to a certain charge "according to the truth as the same appears by the stenographer's minutes taken on the trial." See, also, Stimpson v. Westchester R. Co., 3 How. 553, 11 L.Ed. 722; Thatcher v. Killits (C.C.A.) 195 F. 471; Black v. Youmans (C.C.A.) 245 F. 460.

Charges that the judge acted arbitrarily or unfairly in the conduct of the trial are not supported by the signed bill of exceptions. Nor do we find in petitioner's papers any charges of deliberate and fraudulent falsification of the bill of exceptions, such as moved this court in Moder v. United States, 61 App.D.C. 300, 62 F.(2d) 462, certiorari denied 288 U.S. 599, 53 S.Ct. 317, 77 L.Ed. 975, to grant a hearing on the issue of whether the record was false.

■ Rule IX of the Criminal Rules of the Supreme Court of the United States, adopted May 7, 1934 (28 U.S.C.A. following section 723a), authorizing this court on motion by either party for correction, amplification, or reduction of the record to issue such directions to the trial judge in relation thereto as may be appropriate, cannot affect this case since that rule is applicable only to appeals from the District Court of the United States for the District of Columbia.

The petition for rehearing and for oral argument of such petition is denied.