**WALKER et al. v. UNITED STATES.**

No. 9134.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1940.

Clyde H. Walker, in pro. per. for appellants.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., and Frank A. Pellegrini, Asst. U. S. Atty., of Seattle, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

We have before us various motions, affidavits, and petitions whereby appellants demand that this court:

(1) Grant a new trial; they assign as the basis therefor, that the judge who signed the bill of exceptions was not the same person who denied their motion for new trial in the District Court.

(2) Return the bill of exceptions to the court below for "correction" relative to the proceedings which took place in court October 18, 1938, on the question of prejudice of the trial judge.

(3) Return the bill of exceptions to the court below for the addition of certain testimony taken at the first trial with reference to telegrams and radiograms attempted to be introduced at the first trial, which appellants claim were excluded at said first trial because of illegality in the procurement.

(4) Order all exhibits requested by appellants copied into the bill of exceptions.

(5) Order the bill of exceptions amended to include notes of the courtroom clerk taken October 28, 1938, on the occasion of a reprimand of Walker by the trial judge for talking to a Government witness outside of the courtroom.

(6) Grant permission to the appellants to file a petition for writ of certiorari to be

directed to the District Court, ordering it to send to this court the testimony of witnesses Griel, Laws, and Russell, and, as well, the appellants' proposed bill of exceptions and the appellants' "Objections" to the proposed amendments to the bill requested by the appellee. Another memorandum also requests that these amendments to the bill proposed by the Government be sent up along with the proposed bill and the objections.

(7) Grant an extension of time for filing of brief of appellants.

## Motion for New Trial

The appellants were tried before the Honorable Edward E. Cushman in the court below, and were convicted. Motion for new trial was made in the District Court, and denied by Judge Cushman. It appears from the certificate to the bill of exceptions (Kreiner v. United States, 2 Cir., 11 F.2d 722) and from the memorandums of counsel, that Judge Cushman became ill and, as a result of such illness, was unable to perform his duties as a District Judge of the United States. See and compare Norwood v. United States, 4 Cir., 18 F.2d 577. The situation was called to the attention of the Honorable Lloyd L. Black, also a Judge of the District Court of the United States for the Western District of Washington, for settlement of the bill of exceptions in perfecting the appeal taken by Walker and Sheehy.

▪ In support of their motion for new trial made in this court, the appellants argue that under Section 776 of Title 28, U.S.C.A., Judge Cushman, who passed on the motion for new trial, was, because of that fact, the only person who could settle the bill of exceptions; in other words, Judge Black, not having passed upon the motion for new trial, could not settle the bill. The section in question, 28 U.S.C.A. § 776, reads, in part, as follows: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried * *. *. And in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness, or other disability, unable to hear and pass upon the motion for a new trial and allow and sign said bill of exceptions, then the judge who succeeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if

the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; * * *."

No authorities are cited to support appellants' contention. Nor have we found any case to uphold the appellants' claim. Appellee calls attention, however, to the case of McIntyre v. Modern Woodmen of America, 6 Cir., 200 F. 1, 5, where, in response to a similar contention in quite the same circumstances, the court said: "* * * We see no merit in the suggestion that Judge Angell had no power to act on the bill of exceptions without first hearing the motion for a new trial, which he could not do, because such motion had already been heard and denied by Judge Swan."

## The Bill of Exceptions

Rule IX of the "Rules of Practice and Procedure, * * * in Criminal Cases, 28 U.S.C.A. following section 723a brought in the District Courts of the United States * * *" promulgated by the Supreme Court of the United States, provides that:

"In cases other than those described in Rule VIII [which refers to the record on appeal without bill of exceptions], the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. * * *

"Bills of exceptions shall conform to the provisions of Rule 8 of the Rules of the Supreme Court of the United States.

"Upon the filing of the bill of exceptions and assignment of errors, the clerk of the trial court shall forthwith transmit them, together with such matters of record as are pertinent to the appeal, with his certificate, to the clerk of the appellate court,

and the papers so forwarded shall constitute the record on appeal.

"The appellate court may at any time, on five (5) days' notice, entertain a motion by either party for the correction, amplification, or reduction of the record filed with the appellate court and may issue such directions to the trial court, or trial judge, in relation thereto, as may be appropriate."

Rule IV of these rules contains the provision: "From the time of the filing with its clerk of the duplicate notice of appeal, the appellate court shall, subject to these rules, have supervision and control of the proceedings on the appeal, including the proceedings relating to the preparation of the record on appeal."

■ Rule IX has been interpreted by the Supreme Court of the Unied States, and we are bound to give the said section effect in the manner and to the extent directed. Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 704, 81 L.Ed. 976, holds that although the authority of the district judge to extend the time for preparation and filing a bill of exceptions is limited, a Circuit Court of Appeals is given full authority to set aside or modify his order whenever it appears that there has been an abuse of discretion or that the interests of justice require it; that the Circuit Courts of Appeals are given supervisory control over the preparation of records in criminal appeals; that the authority of the Circuit Court of Appeals extends to the "correction, amplification, or reduction" of the record in an appeal; that it is authorized to require a proper bill of exceptions and to give any directions to the trial judge which may be necessary to attain that end; that the trial judge could act under the direction of the appellate court and the latter court could give whatever direction the case required in order to give effect to the rule as to the proper preparation of the bill of exceptions, even though the term had expired. 301 U.S. 161–166, 57 S.Ct. 702, 704, 81 L.Ed. 976. "It is, of course, assumed that the Circuit Court of Appeals will not lightly interfere with the action of the trial judge." 301 U.S. at page 164, 57 S.Ct. at page 703, 81 L.Ed. 976. "The supervision and control of the Circuit Court of Appeals under the Criminal Appeals Rules calls for the exercise of a sound judicial discretion, * * *." 301 U.S. at page 166, 57 S.Ct. at page 704, 81 L.Ed. 976.

■ It would appear, therefore, that the long-standing principles that an appellate court will not or may not control the making of a bill of exceptions,[1] and that the expiration of the term deprives the trial court of power to allow a bill of exceptions then first presented, or to alter or amend a bill already allowed and filed, unless the court's control over the case was reserved by a standing rule or special order,[2] are no longer in effect and the cases so holding are of interest only historically. We conclude, under the authority of Rule IX, supra, and Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976, that this court has the power, in a proper case, to direct the trial judge to alter or amend a bill of exceptions to conform to the true facts, notwithstanding the term may have expired.

■ We, then, are led to query, "Is this a proper case for the exercise of such power?" The appellants are the moving parties; in bringing their appeal the burden is upon them to present to this court a true record, fair in all respects. To secure a review of questions, other than those appearing in the primary record, a bill of exceptions duly authenticated, is necessary. More than a hundred years ago Mr. Chief Justice Marshall said, "The person who offers a bill of exceptions ought to present such a one as the judge can sign." Ex parte Bradstreet, 4 Pet. 102, 29 U.S. 102, 106, 7 L.Ed. 796. Sixty years later the Supreme Court thus instructed appellants: "The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of, and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the

---

[1] Murphy v. Milford, A. & W. St. Ry. Co., 1 Cir., 210 F. 135, 136; In re Richardson et al., 4 Cir., 30 F.2d 687; Shreve v. United States, 9 Cir., 73 F.2d 543; In re Streep, 156 U.S. 207, 15 S.Ct. 358, 39 L.Ed. 399; First Nat. Bank of Denver v. Wilder, 8 Cir., 100 F. 223; Clawans v. District of Columbia, 67 App.D.C. 58, 89 F.2d 802, 804; Coleman v. United States, 8 Cir., 26 F.2d 870, 871.

[2] United States v. Ray, 2 Cir., 86 F. 2d 942, 944; Coleman v. United States, supra; Ulmer v. United States, 2 Cir., 266 F. 176, 178; Michigan Insurance Bank v. Eldred, 143 U.S. 293, 298, 12 S. Ct. 450, 36 L.Ed. 162; Honey v. Chicago, B. & Q. R. Co., 8 Cir., 82 F. 773.

318

bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Hanna v. Maas, 122 U.S. 24, 7 S.Ct. 1055 [30 L.Ed. 1117]. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party, and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk, in recording inaccurately or omitting to record an order of the court, might be." Michigan Insurance Bank v. Eldred, 143 U.S. 293, 298, 299, 12 S.Ct. 450, 452, 36 L.Ed. 162.

It is still the rule: "The tender of a bill of exceptions which is proposed in good faith as a summary of the material testimony ordinarily requires that the opposite party be called upon to make any objections he may have to its insufficiency, and the court may require amendments to make the bill complete; but, while mistakes can be corrected and omissions supplied, the party proposing the bill must use good faith to make it full and fair, so that the burden is not cast upon the court or opposite counsel of preparing a new bill. * * *" Black v. Youmans, 8 Cir., 245 F. 460, 461.

In this connection it may be noted that the appellants' proposed bill of exceptions, according to the admission of appellant Walker, numbered fifty two pages, while the bill of exceptions duly allowed and settled contains six hundred forty-seven pages.

Our attention has not been drawn to any exception taken by the appellants, to the form or contents of the bill, at the time of settling. This was held to be a necessary requisite in Purple v. Union Pacific R. Co., 8 Cir., 114 F. 123, 130, 131, 57 L.R.A. 700.

■■ In the exercise of sound judicial discretion, we may either grant or deny any or all of the appellants' demands. Ray v. United States, supra. The appellant being the moving party, upon him rests the responsibility of presenting a full and fair bill of exceptions to this court; he may not with impunity attempt to shift this burden to the appellee, or impose it on the trial court or on this court. With this well-established principle in mind we approach the remaining questions.

(2) We are asked to return the bill of exceptions to the court below for "correction." relative to proceedings which took place in court October 18, 1938, on the question of prejudice of the trial judge. On that date, as set forth in the bill of exceptions on file in this court in the case, the defendants were in court and stated to the court they were ready for trial; after some discussion, Walker moved for dismissal of the indictments on two grounds, and then stated "That the judge is prejudiced * * * and should withdraw in favor of another." The motions were denied, "without prejudice to the defendant Walker's filing a statutory affidavit of prejudice * * * forthwith." See 28 U.S.C.A. § 25. Apparently such affidavit was not filed until after the conclusion of the trial. We gather from the argument of Walker herein, that he charges the stenographic reporter with untruthful reporting—with incompetence or dishonesty. If there is such a charge, it is not substantiated by any facts, apparent of record or presented by appellants.

■ Nor can we see what, if anything, the permission of the court had to do with filing such an affidavit; if appellants were in earnest they could have filed such affidavit whether the court desired it or not. See the statute cited supra. The mere statement of some supposition of the defendant, without more, is not sufficient to entitle him to write that matter into the record as a truth.

■ (3) The appellants ask that the bill of exceptions be returned to the District Court for the addition of certain testimony taken at the first trial with reference to telegrams and radiograms attempted to be introduced at the first trial, which appellant claims were excluded at said first trial because these papers had been illegally seized by the Government. In this connection it should be noted that a District Court of the United States is not required to take judicial notice of prior litigation in the same court and generally proof thereof must be produced; and, further, this court will not take judicial knowledge of prior litigation unless proof thereof appears in the record. Benetti v. United States, 9 Cir., 97 F.2d 263, 266; National Surety Co. v. United States, 9 Cir., 29 F.2d 92, 97. We are not directed by appellants to any place in the record or bill of exceptions where this testimony from the first trial was attempted to be introduced, nor where any offer of proof was made and the said testimony read into the record as an offer of proof. The appellee

points out, in the bill of exceptions, under the testimony of one M. L. Chessman, an objection by Walker to the testimony of Government witness Chessman, wherein Walker asserted to the court that he could establish that the information relative to Chessman was secured from illegally obtained telegrams, and, although Walker interrogated the witness and concluded that part of his examination with a promise to make such a showing, the record at this point is barren of any attempt to introduce the testimony from the first trial or make offer of proof. The appellants direct our attention to an objection by Walker to the introduction of a telegram, during the testimony of witness Ferguson, which telegram Walker claimed was illegally obtained. From the bill of exceptions it does not appear that any attempt was made at this point to introduce the evidence Walker now wants this court to direct to be included therein. If this testimony in question was not introduced below, either directly or on an offer of proof, it is not part of the record here.

In view of the foregoing discussion the request is denied.

(4) Next, we have the contention of appellants that exhibits requested were not copied into the bill of exceptions, coupled with a request that the bill be returned to the lower court with directions to have the exhibits copied into the bill in their proper places.

The exhibits desired were not designated in the original motion, but a subsequent paper, "Motion for further corrections Bill of Exceptions," sets out Government's Exhibits Nos. 52, 53, 63, 64, and 127, as those desired. None of these exhibits is set out verbatim in the bill. As a part of an order of this court, dated December 18, 1939, extending the term for settlement of the bill of exceptions, we directed "that such of the original exhibits desired by counsel for respective parties which can be copied into the bill of exceptions be so copied therein, and such other exhibits which can not be so copied be transmitted to this court in their original form at the time of transmitting the certified transcript of record." On this particular subject the certificate to the bill recites: "That in addition thereto, it is hereby ordered that all the exhibits offered and admitted in evidence during the trial of this cause shall be forwarded in their original state to the Circuit Court of Appeals and included and made a part of this bill of exceptions by this reference thereto." The certificate then goes on to recite that this paragraph was "entered by stipulation on both sides and is approved by the Court in view of the fact that the Clerk of this Court has not had sufficient time to have copies made of said exhibits," etc.

In a subsequent memorandum, the appellants shift their position, deny that they want only the few exhibits enumerated above, and demand "in all 129 Exhibits, be copied into the bill of exceptions."

It is the general rule that documentary exhibits which are capable of being accurately reproduced or copied without great inconvenience must be set forth in the bill of exceptions in their proper places. O'Brien, Cum.Supp. (1937) to Manual of Federal Appellate Procedure, p. 49; 6 Longsdorf, Cyc.Fed.Proc. § 2815, p. 274. But, exhibits sent by the trial court to the reviewing court may be identified and made part of the bill of exceptions by appropriate reference in the bill itself. Krauss Bros. Co. v. Mellon, 276 U.S. 386, 48 S.Ct. 358, 72 L.Ed. 620. Under Krauss Bros.' case, supra, we would be justified in denying this demand. Cf. Balliet v. United States, 8 Cir., 129 F. 689, 693.

There is another reason for denying this request. In their motion for further corrections of the bill of exceptions the appellants set forth their proposed version of the testimony of witnesses Griel, Laws, and Mrs. Russell, which purported to cover the introduction of said exhibits Nos. 52, 53, 63, 64, and 127. Therein none of these exhibits is set down verbatim, as is now demanded, and the proposed testimony is very sketchy as compared with that of these same witnesses in the bill as settled by the court. It therefore appears that any fault or responsibility lies with the appellants. "Appellant's obligation should not be shifted to the appellee in the first instance, nor to the trial court in the second instance." Metzler et al. v. United States, 9 Cir., 64 F.2d 203, 209.

Moreover, we do not believe that the judge who settled the bill certified a deliberate falsehood in the certificate to the bill, wherein he recites that both sides stipulated to sending the exhibits in their original state, and no proof is offered in contradiction.

(5) The appellants want us to require the trial court to make the notes of

the courtroom clerk, made October 28, 1938, on the occasion of a reprimand of Walker by the trial judge for talking to a Government witness outside of the courtroom, part of the bill of exceptions. Minutes of the clerk are not part of the bill of exceptions but are merely memoranda which may serve in the making up of the proposed bill. Hanna v. Maas, 122 U.S. 24, 26, 7 S.Ct. 1055, 30 L.Ed. 1117; Moder et al. v. United States, 61 App.D.C. 300, 62 F.2d 462, 464. We reiterate, the duty to propose a proper bill rests with the appellants and we are not advised that the proper steps were taken to reduce the minutes or notes to a form suitable for inclusion in a bill of exceptions, or, if so drawn, the matter was included in the bill of exceptions as originally proposed. We will not lend the process of this court to assist an appellant to make additions to a bill of matters which in good faith ought to have been proposed in proper form originally. Nor will we here discuss the merits of the question whether counsel may interview or intimidate adverse witnesses.

(6) Next, the appellants move for permission to file a petition for writ of certiorari to be directed to the court below instructing said court to forward to this court the stenographic report of the testimony of each of the witnesses, Griel, Laws, and Russell, and, as well, the defendants' proposed bill of exceptions and defendants' objections to the Government's amendments. In their "Motion for further corrections," they ask, also, that we direct the court below to send up the Government's amendments to the proposed bill of exceptions.

■ The petition for issuance of the writ of certiorari is denied. We decline to assume the burden of writing appellants' bill of exceptions for them.

Throughout the many papers filed by the appellant are accusations, veiled and otherwise, of unfair treatment—that the trial judge was prejudiced; that the prosecuting attorney was "scheming"; that the court stenographer reported untruthfully; and that the judge who settled the bill was "hoodwinked"—but, so far as we have been able to ascertain from the papers before us, there was no proof made, and, in charity, such charges may be attributed to overenthusiasm or bitterness. Nothing of advantage to a litigant is gained by such loose accusations. These strictures are paralleled by the contemptuous insinuation in appellants' brief that the "judges of this court will not take their time to read the record and pass around the original exhibits. * * *"

We are satisfied that the judge who settled the bill of exceptions did so in the exercise of sound judicial discretion, following a fair and full study of the proposed bill of exceptions, the proposed amendments, and the objections thereto, after inquiry into the stenographer's notes.

The cause will be heard on the merits at the Seattle 1940 term of this court; brief for appellants must be filed within thirty (30) days following the filing of this memorandum; other briefs according to rule; no further extensions of time for filing briefs will be granted; the briefs must conform to the rules.