**MARVIN'S CREDIT, Inc., v. HALL.**

**No. 7946.**

United States Court of Appeals for the District of Columbia.

Decided June 22, 1942.

Mr. Jack Politz, of Washington, D. C., for appellant.

Mr. Bernard M. Chernoff, of Washington, D. C., entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

We allowed this appeal to the Small Claims Branch of the Municipal Court under Rule 29 of the rules of this court in effect on February 6, 1941, the date of appellant's application for review. At that time, unlike now, the record including the bill of exceptions was not required to be filed before consideration of the petition for review was had.[1] The petition for review alleged three errors: (1) no evidence to support the judge's finding for defendant (appellee), (2) the denial of appellant's motion for a non-suit made during the taking of evidence, and (3) the failure of the judge to consider whether appellant would be allowed to move for a new trial.[2]

After the allowance of the appeal the transcript of record including a bill of exceptions was filed. The bill of exceptions shows that there was evidence to support the finding for defendant. It shows that appellant's motion for non-suit was made too late, after the finding for defendant. The transcript shows that appellant's request for leave to file a motion for new trial was made and refused in open court. Hence the record does not support any of appellant's alleged errors, and we must affirm.

To find error in this case we would have to gainsay the record, particularly the bill of exceptions. In fact, appellant believes that the bill of exceptions does not truly represent the evidence at and the procedure of the trial. Appellant, in its brief, presents a proposed bill of exceptions, and its arguments always come back to the facts as stated in it. The bill and the proposed bill, for the most part, are diametrically opposed. Someone has erred in stating what the evidence was and what happened at the trial. Where as here, there are, for example, no inconsistencies within the transcript of record, no apparent inadequacy of the transcript, no clerical or ministerial mistake, and no charge of deliberate falsification,[3] there cannot be the slightest doubt that we, an appellate court, must accept the transcript of record as it comes to us.[4]

Affirmed.

[1] Contrast Rule 29 of this Court as in effect before February 15, 1941, and the present Rule 3 of the Special Rules.

[2] Rule 18, Small Claims Procedure, Municipal Court.

[3] Moder v. United States, 61 App.D.C. 300, 62 F.2d 462. See Duke v. Committee on Grievances, 65 App.D.C. 284, 82 F.2d 890.

[4] Clawans v. White, 71 App.D.C. 362, 112 F.2d 189. See Clawans v. District of Columbia, 67 App.D.C. 58, 89 F.2d 802; Klingstein v. Thomas Circle Cafe, 68 App.D.C. 5, 92 F.2d 534.