## HORNE v. OSTMANN et al.
### No. 142.

Municipal Court of Appeals for the District of Columbia.

Dec. 17, 1943.

Rehearing Denied Jan. 17, 1944.

George F. Vaia, of Washington, D.C., for appellant.

Francis L. Neubeck, of Washington, D. C., for appellees Francis G. Ostmann and C. W. Simpson Co., Inc.

M. F. Mangan, of Washington, D.C., for appellee Marian C. Johnson.

Roy G. Allman, of Washington, D.C., pro se.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appeal from a judgment entered on a verdict directed against plaintiff on his opening statement.

The complaint is lengthy and somewhat involved, but as we read it, this is the substance of what it charged: That defendant, Simpson Company, had sued this plaintiff in the Landlord-Tenant Branch of the Municipal Court, claiming possession of certain property; that he had not joined in the complaint a claim for rent but had sought and obtained only a judgment for possession; that the judgment was conclusive of all disputes between them and the Simpson Company was precluded from claiming in the future any rent in arrears; that nevertheless the Simpson Company and the other defendants conspired to annoy, harass and injure him in connection with a claim for rent allegedly owing; that it culminated in the malicious filing of a fraudulent claim against him, for rent and other items, in the trial justice court in Fairfax County, Virginia. The complaint recites in some detail the various steps taken by defendants (plaintiffs in the Virginia action) by which they obtained an allegedly fraudulent judgment, and secured

execution on his property. While he refers to it as an action for "conspiracy" and "malicious abuse of process", it is in essence the familiar type of malicious prosecution suit. Two errors are assigned:

■ 1. Refusal of the trial court to grant judgment by default at an early stage of the case. The ruling arose in the following manner. Defendant Allman had filed a preliminary motion in behalf of all defendants including himself. It later developed that though he was a member of the Bar of Virginia he had not been admitted to practice in this jurisdiction, and so was not entitled to appear in the Municipal Court in a representative capacity.[1] Plaintiff thereupon filed a motion for judgment against all defendants except Allman, on the ground that there was no responsive pleading in their behalf in the case. The trial court overruled the motion. We hold the ruling was proper. It merely gave defendants an opportunity to obtain new and authorized counsel to plead to the merits in their behalf. The action was authorized by Municipal Court rule[2] which vests in the judge the discretionary power to extend the time for pleading. There is no suggestion that the ruling worked any prejudice against plaintiff.

■ 2. The second and more vital question concerns the granting of the directed verdict on plaintiff's opening statement. The statement of proceedings and evidence did not set out the substance of the opening statement. On the argument before us, however, counsel had the stenographic transcript thereof, at the counsel table. At our instance he filed it with the Clerk and it is thus properly before us for consideration.[3] We have studied the opening statement in the light of the rule announced by the Supreme Court in Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 489, 78 L.Ed. 882, that in such a situation: "Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."

■■ We are satisfied that giving the opening statement a most liberal construction, plaintiff could not in any aspect of the case have recovered. That is so not because the statement was deficient in a negative way, but because it plainly could not have been corrected by revision, amendment or enlargement. It affirmatively shows that the Virginia litigation had not terminated in his favor. That being so, he cannot recover in this case.[4] He cannot be permitted to make a "flank attack"[5] upon the plaintiff in the Virginia action, or upon the action itself. He cannot maintain a damage suit for malicious prosecution, until the "prosecution" has terminated in his favor.

■ Ordinarily we should be slow to approve a ruling which terminates a trial before plaintiff has had an opportunity to produce his proof. But here the plaintiff's proof as outlined in his opening statement was clear, and its legal effect equally clear. It left no doubt as to the inevitable outcome if the statement had been permitted to be translated into proof through the medium of witnesses. As the Supreme Court said in the Best case, supra: "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced."

Affirmed.

---

[1] Municipal Court Rule 20.

[2] Rule 2, Section 8.

[3] This situation is unlike that in Moder v. United States, 61 App.D.C. 300, 62 F. 2d 462, where the court declined to accept a stenographic transcript as a part of the record on appeal. We have expressly provided for it by Rule 23(c), which authorizes any party to designate such transcript as part of the record, in lieu of a narrative statement of proceedings and evidence. (In Rules 24 and 25 we have provided for the proceedings to be followed when objection is made.) Furthermore, by Rule 32, we have provided the method which was here followed, of bringing before us such papers, records or documents as we may require for a consideration of an appeal.

[4] Simmons v. Sullivan, 42 App.D.C. 523; Chapman v. Anderson, 55 App.D.C. 165, 3 F.2d 336.

[5] Siddons, J. in Peckham v. Union Finance Co., 54 W.L.R. 794.